YOUNG v. JONES.

The ruling complained of being one refusing to sustain an objection to evidence offered and admitted on the trial, the same is not final in its nature, and it not appearing that any final judgment disposing of the case was rendered below, or that the case is not still pending in the superior court, the writ of error is dismissed.                    *Writ of error dismissed.*
May 30, 1892.

Practice in Supreme Court.

It appears from the bill of exceptions that the claim

case of Jones, plaintiff in *fi. fa., v.* Lydia Young, defendant in *fi. fa.*, and Thomas Young, claimant, came on to be tried at the September term, 1891, of Habersham superior court, before Judge WELLBORN and a jury empanelled for that purpose; that in the trial of said case the plaintiff offered in evidence a *fi. fa.* a copy of which, with the entries thereon, is set forth; that the claimant objected to the introduction of the *fi. fa.*, upon the grounds that the entries thereon did not, taken altogether, show any authority to levy on any land, and the entry of levy failed to describe the interest of defendant in the land levied on; and that the *fi. fa.* was admitted over these objections, to which ruling and decision the claimant excepted.    The bill of exceptions further recites : " The said term of Habersham court was finally adjourned on the 19th day of September, 1891.    The testimony embodied in this bill of exceptions is all that is material to a clear understanding of the errors complained of.    The plaintiff in error specifies the claim affidavit as all of the record that is material to a clear understanding of the errors complained of.    And now within thirty days of the adjournment of said term of the court comes the claimant and tenders this bill of exceptions," etc.

BARROW & THOMAS, W. S. ERWIN and EMMETT WOMACK, for plaintiff in error.

J. B. ESTES and J. C. EDWARDS, by brief, *contra.*