15445

GOOD v. HARTFORD ACCIDENT & INDEMNITY CO. *ET AL.*

(21 S. E. (2d), 209)

*Messrs. Osborne, Butler & Moore,* of Spartanburg, and *Messrs. Finley & Spratt,* of York, counsel for appellant-re-

spondent Maryland Casualty Company,

*Messrs. Hemphill & Hemphill* of Chester, *Mr. R. B. Hildebrandt* of York, *Messrs. Spencer & Spencer* and *Messrs. Wilson & Wilson* of Rock Hill, and *Messrs. Hart & Moss* of York, counsel for respondent-appellant John D. Good,

34

Counsel for appellant-respondent, in a reply brief, ▪

July 14, 1942.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM:

This action was commenced by the plaintiff, John D. Good, in the Court of Common Pleas for York County, seeking to recover the sum of $75,000.00 as damages for certain alleged "unwarranted and high-handed, illegal, wilful, wicked and malicious acts of the defendants pursuant to the plan, scheme and design formed and put into effect by defendants," alleging, among other things, that "the agents of the defendants herein did among themselves conceive the idea, purpose and design of avoiding the payment to plaintiff of the substantial monetary benefits to which he was entitled under the terms" of certain alleged policies of insurance, and that such agents did "with the wicked and malicious intent, collude, plan and conspire together to take undue advantage of plaintiff's weakness, illness and sickness" in certain alleged particulars. The defendant, Maryland Casualty Company, by its answer, denied that it was guilty of any improper acts or conduct toward the plaintiff. Various other defensive pleadings were also filed by the defendants, but since the appeal now before the Court is only from certain of "the rulings, decisions and orders of the Presiding Judge upon the trial," we are not

now concerned with any other pleadings in the case. Prior to the taking of any testimony, certain motions and rulings thereon were made. The exceptions before us are not based upon such rulings, and therefore only such rulings as are specified in the exceptions are considered upon this appeal. The only defendant which has appealed from the rulings complained of in this appeal is the Maryland Casualty Company.

The trial of the case was begun on December 2, 1941, before the Honorable M. M. Mann, presiding Judge, and a jury, but was never completed, because of an incident, not in issue here, which occurred while the second witness was testifying. At that stage of the hearing the plaintiff had left the witness stand, and counsel for one of the defendants was cross examining the plaintiff's first witness. The plaintiff had not rested, and, of course, at that stage of the hearing no witnesses had testified on behalf of the defendants, no jury charge had been given, and the case had not gone to the jury. As the result of the incident which took place thus comparatively early in the trial, the Circuit Judge ordered a mistrial, from which order no exceptions have been filed and no appeal has been taken.

In the brief of the appellant-respondent, Maryland Casualty Company, it is stated: "The forty-five exceptions of the defendant Maryland Casualty Company dealt with in this brief all deal with the question of admissibility of evidence." It is also stated in this same brief that "Exception 1 of the defendant Maryland Casualty Company is erroneously included in this record," and hence such issues as are raised by that exception have not been considered in the preparation of this opinion. The plaintiff, as respondent-appellant, upon his six exceptions, likewise appealed from certain of the holdings of the trial Judge, all of the "orders, rulings and decisions," complained of pertaining to the admissibility of evidence up to the time that the mistrial was ordered.

Under the foregoing circumstances in which the Court discharged the jury before the case was ever placed with it for determination, many of the Court's rulings were necessarily tentative, and subject to such other motions as might later be made, such as motions to strike testimony from the record, and motions to eliminate such testimony from the consideration of the jury, and could thus have no possible finality. By way of illustration of this almost axiomatic fact, we quote from page 38 of the transcript of record: "The Court: Mr. Butler, your objection may be thoroughly well taken and the Court may have to support it after he gets a view of the testimony. Frankly, at this time, when he gets only bits of it, he doesn't know whether the objection is well taken or not. If he is estopped under certain documentary evidence here, the Court can handle that at the proper time after the testimony comes in. I don't think it wise at this time to attempt to even prejudice the disputed testimony. After we get the testimony, I can decide what is admissible and not."

And on pages 74, 75 of the same record we find this ruling by the Court on a question raised by counsel while the jury was temporarily excused: "The Court: Well, now, gentlemen, I won't say that this is final, but this is merely my present view of the plaintiff's case. * * * I want you all to understand my view of it at this time. If I am wrong, there is plenty of time to set me straight. There is plenty of time and that is not going to affect this ruling at this time."

It is true, as pointed out by the appellant-respondent, that in the case of *Long v. Carolina Baking Company et al.,* 193 S. C., 225, at page 234, 8 S. E. (2d), 326, at page 330, this Court said: "We hold that these excerpts (from the transcript of record in that appeal) do show that Judge Mann, on the first trial of this case, ruled that the North Carolina Statute and North Carolina laws were sufficiently pleaded in the complaint. From this ruling in the first trial there

was no appeal. Respondent now contends that that ruling is the law of the case."

After citing authorities applicable to that case, this Court then said on page 237 of 193 S. C., page 331 of 8 S. E. (2d) : "Appellants did not appeal from the ruling of Judge Mann, and it is now the law of the case."

An examination of the question there under consideration, however, shows that this Court was then passing upon the issue as to "whether the North Carolina law, which it is conceded must govern the case, is sufficiently pleaded." In that case, counsel for defendants had served upon counsel for plaintiff the following notice: "Please Take Notice: That the defendants, not having raised the following objection by Demurrer or Answer, now file their Notice of Objection to the Complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action, because the complaint shows that it is based upon the laws of North Carolina, and such laws have not been alleged in the complaint, as required by the law of South Carolina."

In that case counsel for defendants made a motion to exclude the evidence on the ground that there was "no cause of action set up in the complaint, the complaint being apparently under some form of Lord Campbell's or death statute of North Carolina, which is not pleaded in the complaint * * *."

To that motion the trial Court there said: "I will state substantially what my former ruling was in order that it may appear in the present case, * * * being of the opinion that the statute being referred to with sufficient definiteness as to put it before the Court, that the Statute under which this case is being tried is sufficiently pleaded and, therefore, the motion is overruled."

It is therefore obvious that the question there involved was an entirely different one from the question in the instant case. There, the Court was con-

sidering the sufficiency of the pleadings, as to which there had been a previous final determination. The question arose as to whether certain testimony could be offered under the pleadings, whose sufficiency the Court had previously and finally adjudicated, and therefore the previous ruling, from which there had been no appeal, did establish the law of the case so far as concerned the sufficiency of the pleadings. The appeals in the present case are not based upon any final orders, but have their foundation entirely upon rulings which, since there was no determination of the case, related only to that hearing up to the time the mistrial was ordered. If the questions covered by the present appeal should arise upon any future trial of the case, they could not be held to be *res adjudicata* as a result of the trial of December 2, 1941, because those questions have not been adjudicated, and, upon any future trial, such questions would of necessity be considered *de novo*.

The appeal in the instant case is governed by the decision in the case of *Floyd v. Page,* 124 S. C., 400, at page 402, 117 S. E., 409, in which this Court said:

"The effect of the mistrial was to leave the parties litigant *in Statu quo ante,* with the cause still pending for trial in the circuit court. The rulings of the trial judge in the court below having eventuated in no binding adjudication of the rights of the parties, the appeal is prematurely brought, and jurisdiction thereof may not be entertained. In the case of *Parham-Thomas-McSwain, Inc., v. Atlantic Life Ins. Co.,* 106 S. C., 211, 90 S. E., 1022, in which there was a mistrial on circuit, the defendant appealed from an order refusing a motion to direct a verdict. In that case, Mr. Chief Justice Gary, speaking for a unanimous court said:

" 'An order refusing a nonsuit, or the direction of a verdict, is not appealable until after final judgment [Citing authorities.] * * * As both the plaintiff's cause of action and the defendant's counterclaim are dependent upon questions of fact, it necessarily follows that judgment ab-

solute cannot be rendered by this court. * * * If the court should entertain jurisdiction of the appeal under such conditions, and should reach the conclusion that there was sufficient testimony to carry the case to a jury, it could not make any orders changing the present status of the case. * * * It therefore feels constrained to refuse to entertain jurisdiction of these appeals, and it is so ordered.' "

The case of *Woods v. Rock Hill Fertilizer Company*, 102 S. C., 442, 86 S. E., 817, Ann. Cas. 1917-D, 1149, was an action for damages alleged to have resulted to plaintiff from a nuisance, and for other relief. After various motions had been made and ruled upon, the jury failed to agree upon a verdict, and a mistrial was ordered, following which the defendant appealed, assigning error in the rulings upon the motions. In that case this Court said at page 449 of 102 S. C., at page 819 of 86 S. E.: "Appellee objects to the consideration of the appeal from the refusal of the court to strike out certain allegations of the complaint and to grant the motions for nonsuit and direction of the verdict, on the ground that the rulings and orders as to those matters are not appealable, until after final judgment. *Ordinarily, that is so, and the objection would be well taken, if the appeal were based solely upon such matters. The reason of the rule is to prevent unnecessary delay in the trial of causes by appeals from interlocutory orders which may have no prejudicial effect upon the final judgment.* But, as the order overruling the demurrer is appealable, the reason for the rule does not apply, * * *." (Emphasis added.)

In the case of *Agnew v. Adams,* 24 S. C., 86, on pages 88, 89, this Court was there concerned with a motion for a non-suit, but the language of the Court is also applicable to the instant case: "* * * Now, the refusal of a motion for a non-suit is never 'made or entered in writing,' and therefore cannot be 'denominated an order.' It is in fact nothing more than a mere ruling, like a ruling as to the competency of testimony, which, if excepted to at the time, may be made ·

the basis of an appeal, after final judgment has been entered, but not before. To stop the trial of a case by allowing an appeal from the refusal of a motion for a nonsuit, or a ruling as to the competency of testimony, would lead to interminable delays, and so far as we know has never been allowed, either before or since the adoption of the code.   *   *   *"

In the case of *Smith v. Thomason,* 26 S. C., 607, 12 S. E., 96, the Master excluded the testimony of the defendant as incompetent. On exceptions to this report, the Circuit Judge ruled that the defendant was a competent witness as to certain matters, and therefore recommitted the report of the Master, without passing upon any of the other questions involved. From this order the plaintiff appealed. This Court held that the appeal was premature, and passed an order dismissing the appeal without prejudice. And in the more recent case of *Davis-McGee Mule Company v. Marett, Sheriff,* 129 S. C., 36, at page 37, 123 S. E., 323, this Court said: "No appeal can be made except from a final judgment."

Similarly, from other jurisdictions, we find this proposition of law overwhelmingly supported by the weight of the authorities. In the case of *Harrell v. Tift,* 70 Ga., 730, it was held that a ruling on the admission of evidence is interlocutory, and will not support exceptions. In another decision of the Supreme Court of Georgia, it was held in the case of *Young v. Jones,* 89 Ga., 390, 15 S. E., 488, that a writ of error will not lie before final judgment to review rulings on the admission of evidence.

In 4 C. J. S., Appeal and Error, § 92, page 180, we find the following analysis: "At common law   *   *   *   a writ of error will lie only to a final judgment or an award in the nature of a final judgment, and the statutes generally provide that, except as otherwise provided, appeals, writs of error, exceptions, etc., may be taken only from or to final judgments, orders, or decrees."

On page 190, Appeal and Error, § 95(a), of the same volume, it is stated that "a judgment, order, or decree, although determining the law applicable to the issues of an action, yet, leaving questions of fact unsettled, is not final," and again, on page 195, Appeal and Error, § 99, of the same volume, it is stated that "if the question involved will be inherent in the final judgment and can be presented in an appeal from that judgment, it will be treated as an interlocutory order, review of which can only be had upon the general appeal."

This rule is also treated fully in 2 R. C. L., under the title "Appeal and Error," where, on page 32, Section 10, it is stated that "it has been laid down that in substance the decision must show intrinsically and distinctly, and not inferentially, that the matters in the record have been determined in favor of one of the litigants, or that the rights of the parties in litigation have been adjudicated." And, beginning on page 39, Section 21, it is further stated: "The object of this requirement (that an order or judgment must be final before an appeal will lie) is to present the whole cause for determination in a single appeal and thus to prevent the unnecessary expense and delay of repeated appeals."

The cases collated in 1 R. C. L., Perm. Supp., 309, Sections 21 and 22, under the heading "Appeal and Error,' contain many definitions of final judgments, and ample authority for the necessity of such finality. Under the same title, numerous cases are likewise cited in 2 South Carolina & South Eastern Digest, Appeal and Error, Key 66, in which the necessity of a final determination before an appeal can be brought is fully discussed. In 2 Am. Jur., 860, Section 22, it is stated: "A judgment, order, or decree to be final for purposes of an appeal or error, must dispose of the cause, or a distinct branch thereof, as to all the parties, reserving no further questions or directions for future determination. It must finally dispose of the whole subject-matter or be a termination of the particular proceedings or

action, leaving nothing to be done but to enforce by execution what has been determined. In other words, a final judgment is one which operates to divest some right in such a manner as to put it beyond the power of the Court making the order to place the parties in their original condition after the expiration of the term; that is, it must put the case out of Court, and must be final in all matters within the pleadings."

The foregoing quotation from the text of Am. Jur., is supported by the decision in the case of *Oldroyd v. McCrea*, 65 Utah, 142, 235 P., 580, 40 A. L. R., 230, and by many other authorities, further quotations from which would serve only to repeat in different words the principle that the law frowns upon the practice of bringing cases in fragments to the appellate Courts. Nor do we find anything in the applicable section of our Statutes, Section 26(d), Code of 1932, which would warrant the appeals which have been brought under these exceptions. The rule in restriction of piecemeal appellate procedure, dating back to the common law, is based upon sound reason and practical utility. If it were otherwise, endless delays would be encountered—delays which are unnecessary in cases similar to the one now before us, which can be decided upon an appeal from such final judgment as may later be entered by the trial Court. Therefore, the appeals of the appellant-respondent, and of the respondent-appellant, are dismissed without prejudice.

Appeals dismissed.

Messrs. Associate Justices Fishburne and Stukes, and Circuit Judges A. L. Gaston and L. D. Lide, Acting Associate Justices, concur.