768 S.E.2d 412

Samuel A. ROSE, Claimant, Respondent,

v.

JJS TRUCKING, LLC, Chris Thompson Services, LLC, Bridgefield Casualty Ins. Co., and South Carolina Uninsured Employers' Fund, Defendants,

Of whom Chris Thompson Services, LLC and Bridgefield Casualty Ins. Co. are Appellants,

and

JJS Trucking, LLC and South Carolina Uninsured Employers' Fund are Respondents.

Appellate Case No. 2013–001322.

No. 5291.

Court of Appeals of South Carolina.

Submitted Nov. 1, 2014.

Decided Jan. 28, 2015.

Rehearing Denied Feb. 27, 2015.

Kirsten Leslie Barr, Trask & Howell, LLC, of Mt. Pleasant, for Appellants.

Joseph Brooks Fisher, George Sink, PA Injury Lawyers, of North Charleston, and Benjamin William Akery, The Steinberg Law Firm, LLP, of Goose Creek, for Respondent Samuel A. Rose; John Eric Kaufmann, of Columbia, for Respondent JJS Trucking, LLC; and Amy V. Cofield, Cofield Law Firm, of Lexington, for Respondent South Carolina Uninsured Employers' Fund.

FEW, C.J.

Chris Thompson Services, LLC and its carrier appeal the workers' compensation commission's refusal to order a transfer of responsibility pursuant to subsection 42–1–415(A) of the South Carolina Code (2015). Because the commission has not yet ruled on the merits of Samuel Rose's entire claim for benefits, however, the order is not a final decision, and thus not immediately appealable. We dismiss.

Rose filed this workers' compensation action alleging he sustained accidental injuries to his right knee, back, neck, and head while working for JJS Trucking, LLC. At the time of Rose's injury, JJS Trucking was a subcontractor for Chris Thompson Services and was uninsured. The commission ordered Chris Thompson Services to pay for Rose's medical treatment and temporary total disability benefits.

Chris Thompson Services petitioned the commission "to transfer responsibility for continuing compensation and benefits" to the South Carolina Uninsured Employers' Fund pursuant to subsection 42–1–415(A). The commission refused to order the transfer, finding the issue of transfer was "not ripe for adjudication at this time." The commission also determined Rose had not reached maximum medical improvement, and thus did not rule on his claim for permanent disability.

 The Administrative Procedures Act governs judicial review of decisions of the commission. S.C.Code Ann. § 1–23–380 (Supp.2014); *Bone v. U.S. Food Serv.,* 404 S.C. 67, 73, 744 S.E.2d 552, 556 (2013). Section 1–23–380 of the Act limits appeals to those from a "final decision" of the commission. An order of the commission is not a final decision unless it resolves the entire action. *See Price v. Peachtree Elec. Servs., Inc.,* 405 S.C. 455, 457, 748 S.E.2d 229, 230 (2013) ("An agency decision that does not decide the merits of a contested case is not a final agency decision subject to judicial review."); *Bone,* 404 S.C. at 73, 744 S.E.2d at 556 (same); *see also* 404 S.C. at 75, 744 S.E.2d at 557 ("A final judgment disposes of the whole subject matter of the action or terminates the particular proceeding or action, leaving nothing to be done but to enforce by execution what has been determined." (quoting *Charlotte–Mecklenburg Hosp. Auth. v. S.C. Dep't of Health & Envt'l Control,* 387 S.C. 265, 267, 692 S.E.2d 894, 895 (2010))). The

commission's order leaves the merits of Rose's claim for permanent disability unresolved. Therefore, the order is not a final decision and not immediately appealable.

Appellants argue, however, the commission's refusal to transfer responsibility for continuing compensation and benefits to the Uninsured Employers' Fund under subsection 42–1–415(A) is immediately appealable under the following provision of section 1–23–380: "A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy." Appellants contend they "are required under the [commission's] order to make ongoing payments to [Rose], in addition to adjusting the claim and providing medical benefits, all despite the fact that ... Appellants properly petitioned the commission to transfer continuing liability to the [Uninsured Employers' Fund]." Appellants further contend that reimbursement from the Fund after final judgment is not an adequate remedy and this court's "failure to address the appeal at this time would deprive ... Appellants of any meaningful remedy and would vitiate the statutory scheme envisioned by the General Assembly with the enactment of [section] 42–1–415."

We do not agree that dismissing this appeal deprives Appellants of an adequate remedy. Appellants make no specific argument as to how the commission's refusal to address transfer at this time affects Appellants in any way other than to delay the payment of money. *See Bone*, 404 S.C. at 74, 744 S.E.2d at 556 (stating an employer and its insurance carrier "have an adequate remedy in that they may raise the issue of compensability" after a final award by the commission). The Uninsured Employers' Fund appears to acknowledge that it would be required to reimburse Appellants if the commission later orders a transfer. Therefore, if the commission eventually determines the transfer was adequately documented and thus should have been ordered, Appellants will recover their payments through reimbursement. If the commission does not later order a transfer, Appellants have an adequate remedy in an appeal after the commission's final decision in the case.

Because we dismiss the appeal on the ground that the order is not immediately appealable, we decline to address Appellants' argument that the denial of transfer to the Uninsured Employers' Fund before final judgment is contrary to the legislative intent of section 42–1–415.

**APPEAL DISMISSED.[1]**

THOMAS and LOCKEMY, JJ., concur.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.