795 S.E.2d 49

**A. Marion STONE, III, Respondent,**

**v.**

**Susan B. THOMPSON, Appellant.**

**Appellate Case No. 2014-001488**
**Opinion No. 5459**

Court of Appeals of South Carolina.

Submitted October 3, 2016

Filed December 7, 2016

Rehearing Denied January 12, 2017

600

Donald Bruce Clark, of Donald B. Clark, LLC, and Margaret D. Fabri, both of Charleston, for Appellant.

Alexander Blair Cash and Daniel F. Blanchard, III, both of Rosen, Rosen & Hagood, LLC, of Charleston, for Respondent.

WILLIAMS, J.:

Susan B. Thompson appeals the family court's order finding the existence of a common law marriage between her and A. Marion Stone, III. We dismiss.

**FACTS/PROCEDURAL HISTORY**

Stone filed a complaint in the family court alleging the existence of a common law marriage with Thompson. In the complaint, Stone sought a divorce, equitable apportionment of

the putative marital estate, attorney's fees and costs, and other relief. Thompson answered and filed a motion to bifurcate the case to first determine whether a common law marriage existed before deciding issues of divorce and equitable division. The family court subsequently granted Thompson's motion, and over the course of eight days, the court conducted a trial regarding the existence of a common law marriage.

At the conclusion of the first phase of the trial, the family court issued an order finding a common law marriage and awarding Stone attorney's fees. The family court also ordered each party to immediately schedule the final hearing on the remaining issues with the county clerk of court. Thereafter, Thompson appealed the family court's order.[1]

## LAW/ANALYSIS

Thompson argues the family court's order on the issue of common law marriage is immediately appealable because the order is a final judgment, involves the merits, and affects a substantial right determining the mode of trial.[2] We address each argument in turn.

### I. Final Judgment

Thompson first contends the family court's order is a final judgment pursuant to section 14-3-330(1) of the South Carolina Code (1976). We disagree.

Generally, only final judgments are appealable. *See* S.C. Code Ann. § 63-3-630(A) (2010) ("Any appeal from an order, judgment, or decree of the family court shall be taken in the manner provided by the South Carolina Appellate Court Rules. The right to appeal must be governed by the same rules, practices, and procedures that govern appeals from the circuit court."); § 14-3-330(1) (stating "if no appeal [is] taken

---

1. Stone filed a motion in this court to dismiss the appeal. The court denied the motion, but stated in the order that its decision did not preclude Stone from arguing the issue when the case was assigned to a panel.

2. Because Thompson did not address appealability in her final brief, choosing instead to reassert the arguments made in her return to Stone's motion to dismiss, we reference her return in this opinion.

until final judgment is entered[,] the court may[,] upon appeal from such final judgment[,] review any intermediate order or decree necessarily affecting the judgment not before appealed from"); Rule 72, SCRCP ("Appeal may be taken, as provided by law, from any final judgment or appealable order."); Rule 201(a), SCACR ("Appeal may be taken, as provided by law, from any final judgment, appealable order[,] or decision.").

In the instant case, we find the family court's order is interlocutory. While the family court ruled that a common law marriage existed between Thompson and Stone, it has yet to decide the issues of divorce and equitable distribution. *See Mid–State Distribs., Inc. v. Century Imps., Inc.*, 310 S.C. 330, 335, 426 S.E.2d 777, 780 (1993) (stating an order is interlocutory if some further act must be done by the court prior to the determination of the rights of the parties). Further, we do not believe the family court intended its decision on the common law marriage issue to be dispositive of the case as the family court included a handwritten notation on its Form 4F order stating that divorce and equitable distribution were "still pending." Additionally, the family court explicitly indicated on the Form 4F order that its order, although marked "Final," did not end the case. Thus, we find the order is not a final judgment.

## II. Section 14-3-330

In the alternative, Thompson argues the family court's order is an immediately appealable interlocutory order under section 14–3–330 of the South Carolina Code (1976 & Supp. 2015). We disagree.

■ Absent a specialized statute, an interlocutory order must fall within one of several exceptions to the final judgment rule found in section 14–3–330 to be immediately appealable. *Hagood v. Sommerville*, 362 S.C. 191, 195, 607 S.E.2d 707, 708 (2005). Section 14–3–330 states, in pertinent part, the following:

The Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal:

(1) Any intermediate judgment, order[,] or decree in a law case involving the merits in actions commenced in the

court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; *provided,* that if no appeal be taken until final judgment is entered[,] the court may[,] upon appeal from such final judgment[,] review any intermediate order or decree necessarily affecting the judgment not before appealed from;

(2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action[.]

S.C. Code Ann. § 14–3–330(1), (2) (1976).

■ In keeping with precedent, we narrowly construe section 14–3–330 because immediate appeals of various orders generally have not been allowed. *Hagood,* 362 S.C. at 196, 607 S.E.2d at 709. Indeed, our supreme court has cautioned that "[p]iecemeal appeals should be avoided and most errors can be corrected by the remedy of a new trial." *Id.*

■ Thompson first argues the family court's order is an intermediate order "involving the merits" of the case under subsection 14-3-330(1) because it finally decided the issue of common law marriage between the parties. We disagree.

■ Our supreme court has narrowly defined an order "involving the merits" as an order that "must finally determine some substantial matter forming the whole or a part of some cause of action or defense." *Mid–State Distribs., Inc.,* 310 S.C. at 334, 426 S.E.2d at 780 (quoting *Jefferson v. Gene's Used Cars, Inc.,* 295 S.C. 317, 318, 368 S.E.2d 456, 456 (1988)). In this case, the issue of common law marriage was a preliminary matter for the family court to determine before reaching Stone's requests for divorce and division of the marital estate. The family court merely exercised its discretion to bifurcate the trial to save time and resources on the remaining issues if it found that a common law marriage did not exist.[3] However,

---

**3.** The family court has discretion on whether to bifurcate a trial and is encouraged to do so when bifurcation helps clarify and simplify the

the family court was not required to proceed in this fashion and could have resolved all the issues raised in Stone's complaint. At this point, the family court has yet to address any of Stone's remaining claims for relief.

Nonetheless, Thompson claims her "defense" to Stone's divorce action—that a common law marriage does not exist—has been finally determined by the family court. We find, however, that inherent in any divorce proceeding is an initial determination of the existence of a valid marriage, which a party certainly could not appeal prior to the adjudication of the other relevant issues before the court. To accept Thompson's interpretation would seriously inhibit the efficiency of the family court by allowing any party to delay divorce proceedings with an interlocutory appeal by contending a valid marriage does not exist. As our supreme court aptly stated, "[E]ndless delays would be encountered—delays which are unnecessary in cases similar to the one now before us, which can be decided upon an appeal from such final judgment as may later be entered by the trial [c]ourt." *Good v. Hartford Accident & Indem. Co.*, 201 S.C. 32, 42, 21 S.E.2d 209, 213 (1942). Therefore, because the order in this case does not bring the litigants to "the end of the road" and requires further action by the family court, we find the order is not immediately appealable under subsection 14-3-330(1). *See Mid-State Distribs., Inc.*, 310 S.C. at 334–35, 426 S.E.2d at 780.

■ Finally, Thompson contends the family court's order is immediately appealable under subsection 14-3-330(2) because it affects her fundamental right to marriage and determines the mode of trial. We disagree.

■ "Immediate appeals under subsection (2) have been allowed in situations whe[n] the substantial right could not be vindicated on appeal after the case." *Breland v. Love Chevrolet Olds, Inc.*, 339 S.C. 89, 93, 529 S.E.2d 11, 13 (2000). "Generally [subsection (2) ] has only been used when the trial order affected the 'mode of trial' because if those orders are not immediately appealed, no appellate review is available to

---

issues. *See* Rule 42(b), SCRCP ("The court, in furtherance of convenience ... may order a separate trial of any ... separate issue....."); *Durham v. Vinson*, 360 S.C. 639, 644–45 n.2, 602 S.E.2d 760, 762 n.2 (2004) (finding the circuit court has discretion to bifurcate a trial).

correct any error." *Id.* When a trial court's order deprives a party of a mode of trial to which it is entitled as a matter of right, the order is immediately appealable. *Flagstar Corp. v. Royal Surplus Lines*, 341 S.C. 68, 72, 533 S.E.2d 331, 333 (2000).

We first find Thompson conflates the idea of a fundamental constitutional right to marry, or not to be married, with a substantial right in a legal proceeding. In any event, the order does not affect a substantial right because Thompson will not be prevented from correcting any alleged errors in the family court's interlocutory order following final judgment on the remaining issues. *See Breland*, 339 S.C. at 93, 529 S.E.2d at 13; § 14-3-330(1) (providing, "if no appeal [is] taken until final judgment is entered[,] the court may[,] upon appeal from such final judgment[,] review any intermediate order or decree necessarily affecting the judgment not before appealed from").

Nevertheless, Thompson also points out that Stone currently has similar claims against her in the circuit court that were stayed pending the outcome of the family court proceedings. Thompson claims the interlocutory order deprives her of a particular mode of trial because the family court would be divested of subject matter jurisdiction if it found a common law marriage did not exist between her and Stone. In effect, Thompson argues Stone would be forced to pursue his claims in the circuit court where Thompson would be entitled to a jury trial on some or all of the causes of action.

■ We reject Thompson's overly broad view of subsection 14-3-330(2). Stone's stayed action in the circuit court includes causes of action against Thompson for breach of a partnership agreement, breach of fiduciary duty, quantum meruit, partition, and constructive trust. We find the theories of recovery and considerations in that case based upon partnership law would be radically different from those in the present divorce action grounded in domestic law. Although a dismissal of the family court action certainly may have an effect on whether Stone pursues the circuit court action against Thompson, the two actions are completely separate. Therefore, the family court's order, which retains subject matter jurisdiction over *this* case, does not deprive Thompson of a mode of trial to which she may speculatively be entitled to as a matter of right

in another case. *See Flagstar Corp.*, 341 S.C. at 72, 533 S.E.2d at 333 (stating the traditional analysis of subsection (2) is whether "a party is erroneously denied a trial by jury in a law case, or is erroneously required to proceed before a jury in an equity case"); *see also, e.g., Woodard v. Westvaco Corp.*, 319 S.C. 240, 242–43, 243 n.2, 460 S.E.2d 392, 393–94, 394 n.2 (1995) (holding an order denying a motion to dismiss for lack of subject matter jurisdiction is not immediately appealable because it does not fall into one of the enumerated categories of section 14–3–330 and such order does not finally determine anything), *overruled on other grounds by Sabb v. S.C. State Univ.*, 350 S.C. 416, 422 n.2, 567 S.E.2d 231, 234 n.2 (2002).

## CONCLUSION

In conclusion, we find the family court's order is not immediately appealable. The rights of the parties will not be finally determined until the presiding family court judge issues a final order on all of the remaining issues, at which time an appeal therefrom will be proper.[4] Therefore, based on the analysis set forth above, Thompson's appeal is

**DISMISSED.**[5]

THOMAS and GEATHERS, JJ., concur.

---

4. In her return to Stone's motion to dismiss, Thompson asserts the procedural posture of this case is identical to *Callen v. Callen*, 365 S.C. 618, 620 S.E.2d 59 (2005), and because our supreme court undoubtedly had subject matter jurisdiction in mind when deciding *Callen*, we are similarly bound to decide this appeal on its merits. Contrary to Thompson's assertion, we find this court is not bound by the procedural posture of *Callen*, as there are no facts demonstrating that either party or our supreme court, sua sponte, raised the issue of appealability in that case. *See Breland*, 339 S.C. at 95, 529 S.E.2d at 14 ("The fact that an appellate court may have decided an appeal of a particular type of order on the merits is not dispositive of whether the order is appealable when the issue of appealability was not raised.").

5. We decide this case without oral argument pursuant to Rule 215, SCACR.