**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sarah Bostick Howell, Appellant,

v.

The Heirs and Distributees of Ollie Bostick; The Heirs and Distributees of Sarah Bostick; The Heirs and Distributees of Janie Bostick; The Heirs and Distributees of Joe Bostick; The Heirs and Distributees of Margie B. Graves; The Heirs and Distributees of Johnny Bostick; The Heirs and Distributees of Freddie Bostick; The Heirs and Distributees of Ollie Bostick, Jr.; The Heirs and Distributees of Mamie B. Lucas; The Heirs and Distributees of Lawrence Bostick; Bronco Bostick; Gladys B. Williams; Lewis Bostick; Larry Bostick; Roamell Bostick; Lawrence Bostick Jr.; Rodger Bostick; Terell Bostick; and Three T Farm, LLC; FIATP SSF Timber, LLC; and Carl Polite, as adjoining Landowners; and all other heirs at law, devisees, or persons unknown, claiming by, under, or through any of the above-named persons, John Doe and Mary Roe, being fictitious names designating a class of persons, or a legal entity, infants, incompetents, persons in the Armed Forces of the United States of America, if any, known or unknown, who may be an heir, devisee, legatee, issue, alienee, administrator, executor, creditor, successor or assign having any right, title, interest, estate in or lien upon the real estate described in the Complaint herein, Defendants,

Of Whom Bronco Bostick is the Respondent.

Appellate Case No. 2020-001700

Unpublished Opinion No. 2022-UP-453
Submitted November 1, 2022 – Filed December 14, 2022

**AFFIRMED IN PART AND DISMISSED IN PART**

R. Thayer Rivers, Jr., of R. Thayer Rivers, Jr. Law Ofc.,
of Ridgeland, and Robert Milton Hughes, of Hampton,
both for Appellant.

Daniel E. Henderson, of Parker Law Group, LLP, of
Ridgeland, and John Elliott Parker, Jr., of Parker Law
Group, LLP, of Hampton, both for Respondent.

**PER CURIAM:**  Sarah Bostick Howell appeals the special referee's June 4, 2018 order quieting title to property, the July 22, 2019 order denying her motion for reconsideration, and the November 24, 2020 supplemental order.  On appeal, Howell argues the (1) the evidence taken as a whole establishes that she has proved her case as pled; (2) the special referee erred in not awarding the property to her and her brother under the after-acquired property doctrine; and (3) the special referee erred in not awarding her attorney's fees and costs.  We affirm in part and dismiss in part because Howell failed to timely appeal the orders she challenges on appeal.

We hold this court lacks appellate jurisdiction to address the issues Howell raises on appeal.  The special referee's June 4, 2018 order was the final order in this case because it determined the rights of the parties and did not leave open any questions of fact.  *See Kriti Ripley, LLC v. Emerald Invs., LLC*, 404 S.C. 367, 379, 746 S.E.2d 26, 32 (2013) ("A final judgment is an order that 'dispose[s] of the cause, . . . reserving no further questions or directions for future determination.  It must finally dispose of the whole subject-matter or be a termination of the particular proceedings or action, leaving nothing to be done but to enforce by execution what has been determined.'" (alterations in original) (quoting *Good v.*

*Hartford Accident & Indem. Co.*, 201 S.C. 32, 41-42, 21 S.E.2d 209, 212 (1942))); *Mid-State Distribs., Inc. v. Century Imps., Inc.*, 310 S.C. 330, 335, 426 S.E.2d 777, 780 (1993) ("If there is some further act which must be done by the court prior to a determination of the rights of the parties, then the order is interlocutory."); *id.* ("If a judgment determines the applicable law while leaving open questions of fact, it is not a final judgment."). In contrast, while the special referee labeled the November 24, 2020 order as the "Supplemental and Final Order," this order did not determine any rights of the parties and merely enforced the prior order and ordered the payment of fees for the special referee and the guardian ad litem. *See Kriti Ripley*, 404 S.C. at 379, 746 S.E.2d at 32 ("A final judgment is an order that 'dispose[s] of the cause, . . . reserving no further questions or directions for future determination. It must finally dispose of the whole subject-matter or be a termination of the particular proceedings or action, leaving nothing to be done but to enforce by execution what has been determined.'" (alterations in original) (quoting *Good*, 201 S.C. at 41-42, 21 S.E.2d at 212)). We hold Howell was required to timely appeal the June 4, 2018 order, which was the final order, for this court to have appellate jurisdiction over the issues therein. *See* S.C. Code Ann. § 14-3-330(1) (2017) (stating the appellate courts have jurisdiction over "[a]ny intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, . . . and final judgments in such actions; provided, that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from"); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) ("The requirement of service of the notice of appeal is jurisdictional, i.e., if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice."). Because Howell timely filed a motion for reconsideration, which stayed the time for the notice of appeal, the time for serving the notice of appeal began to run upon Howell's receipt of the order denying the motion, which was electronically filed on July 22, 2019. *See Coward Hund Const. Co. v. Ball Corp.*, 336 S.C. 1, 3, 518 S.E.2d 56, 57 (Ct. App. 1999) ("If a timely motion is made pursuant to Rule 59, the time for appeal runs from the receipt of written notice of entry of the order disposing of the motion."). We hold the notice of appeal she served on December 11, 2020 was not timely to appeal these two orders. *See* Rule 203(b)(1), SCACR (stating that in an appeal from the Court of Common Pleas, the notice of appeal must be served within thirty days after receipt of written notice of entry of the order or judgment). Accordingly, we dismiss Howell's appeal of these orders.

The only order Howell timely appealed was the November 24, 2020 order, which she does not challenge in her brief. Accordingly, her appeal of this order is affirmed. *See Rumpf v. Mass. Mut. Life Ins. Co.*, 357 S.C. 386, 398, 593 S.E.2d 183, 189 (Ct. App. 2004) ("Any unappealed portion of the trial court's judgment is the law of the case, and must therefore be affirmed.").

**AFFIRMED IN PART AND DISMISSED IN PART.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.