**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of: Estate of Florence Petrak Mensch

Sterling Raymond Mensch III, individually, as former Personal Representative of the Estate of Florence Petrak Mensch and in the former capacity as Agent under a Power of Attorney for Florence Petrak Mensch, Appellant,

v.

Shauna M. Waddell, individually and as Personal Representative of the Estate of Florence Petrak Mensch and John R. Mensch, Respondents.

Appellate Case No. 2022-000731

———————

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-384
Heard September 24, 2024 – Filed November 13, 2024

———————

**AFFIRMED**

———————

Devon Marc Puriefoy, of Truluck Thomason, LLC, of Greenville, for Appellant.

Knox L. Haynsworth III and Tyler Earl McLeod, both of Brown Massey Evans McLeod & Haynsworth, LLC, of Greenville, for Respondents.

**PER CURIAM:** In this probate matter, Sterling Raymond Mensch III, (Sterling), son of Florence Petrak Mensch and the agent designated in her power of attorney, appeals the circuit court's order dismissing his appeal as untimely. He also asserts the probate court's order was not a final order which would deprive the circuit court of appellate jurisdiction and argues the probate court lacked subject matter jurisdiction over the case. We affirm.

As to Sterling's argument the circuit court erred in finding the probate court's order constituted a final order, we affirm. While the order allowed for adjustment of the amount of taxes Sterling owed based on a pending appeal to the Internal Revenue Service, it adjudicated and completely fixed the rights of the parties leaving nothing further for the probate court to do. *See Olson v. Fac. House of Carolina, Inc.*, 344 S.C. 194, 213, 544 S.E.2d 38, 48 (Ct. App. 2001) ("Any judgment or decree, leaving some further act to be done by the court before the rights of the parties are determined, is interlocutory; *but if it so completely fixes the rights of the parties that the court has nothing further to do in the action, then it is final.*" (quoting *Adickes v. Allison & Bratton,* 21 S.C. 245, 259 (1883) (emphasis added); *Watson v. Underwood*, 407 S.C. 443, 458-59, 756 S.E.2d 155, 163 (Ct. App. 2014) ("[A] decree or judgment that leaves in doubt whether the plaintiff will prevail is not final."); *Good v. Hartford Acc. & Indem. Co.*, 201 S.C. 32, 21 S.E.2d 209, 212 (1942) ("[I]t has been laid down that in substance the decision must show intrinsically and distinctly, and not inferentially, that the matters in the record have been determined in favor of one of the litigants, or that the rights of the parties in litigation have been adjudicated." (quoting 2 R.C.L. 32, Appeal and Error § 10)).

As to Sterling's argument the circuit court erred in finding his appeal untimely because his motion for reconsideration violated Rule 7(b)(1), SCRCP, we affirm. The lack of specificity in the motion and the absence of other written or oral argument of counsel did not allow the probate court to "deal with the motion fairly." Because the motion was properly dismissed, it failed to stay the time to appeal. *See* S.C. Code Ann. § 62-1-308(a) (2022) (stating the notice of intent to appeal a probate court order must be filed within ten days); Rule 59(f), SCRCP (indicating "[t]he time for appeal for all parties shall be stayed by a timely motion under this Rule"); Rule 7(b)(1), SCRCP ("An application to the court for an order shall be by motion . . . shall be made in writing, *shall state with particularity the grounds therefor, and shall set forth the relief or order sought.*") (emphasis added); *Camp v. Camp*, 386 S.C. 571, 576 S.E.2d 634, 637 (2010) (finding appellant's

motion for reconsideration did not violate Rule 7(b)(1) because "[t]he trial court's order denying Father's motion for reconsideration stated that [b]ased on the arguments of counsel the motion was denied," therefore, "neither party was prejudiced, and the court dealt with the motion fairly.") (internal quotations omitted); *Nexstar Media Grp., Inc. v. Davis Roofing Grp., LLC*, 431 S.C. 593, 601 848 S.E.2d 597, 601 (Ct. App. 2020) (finding the master-in-equity was "in a position to understand [the appellant's] motion [to reconsider] . . . fairly" after a hearing on the motion); *Operation of the Trial Courts During the Coronavirus Emergency*, S.C. Sup. Ct. Order dated June 15, 2021, (c)(4)(d) (recognizing that although hearings on motions were generally conducted, if, during the coronavirus emergency "a judge determine[d] that the motion [wa]s without merit, the motion [could] be denied without waiting for any return or other response from the opposing party or parties").

Finally, as to Sterling's argument the probate court lacked subject matter jurisdiction to the hear the causes of action in the case related to pre-death damages, we affirm. Claims against an agent to whom authority is designated through a power of attorney are within the probate court's subject matter jurisdiction. *See* S.C. Code Ann. § 62-8-401 (Supp. 2018) ("The probate court has concurrent jurisdiction with the circuit courts of this State over all subject matter related to the creation, exercise, construction, and termination of powers of attorney governed by the provisions of this article."); S.C. Code Ann. § 62-8-116(a)(4)(5)(6) (2022) ("The following persons may petition a court to construe a power of attorney or review the agent's conduct, and grant appropriate relief: . . . (4) the principal's spouse, parent, or adult descendant; (5) an individual who would qualify as a presumptive heir of the principal; [and] (6) a person named as a beneficiary to receive any property, benefit, or contractual right on the principal's death . . . ."); S.C. Code Ann. § 62-8-117 (2022) ("An agent that violates this article is liable to the principal or the principal's successors in interest for the amount required to: (1) restore the value of the principal's property to what it would have been had the violation not occurred; and (2) reimburse the principal or the principal's successors in interest for the attorney's fees and costs paid on the agent's behalf.").

**AFFIRMED.**

**KONDUROS, GEATHERS, AND MCDONALD, JJ., concur.**