# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Zachary Brown, Claimant, Respondent,

v.

Southeastern Services, H.H.I., LLC, Employer, and Uninsured Employers' Fund, Carrier, Defendants,

of which Uninsured Employers' Fund is the Appellant.

Appellate Case No. 2022-001153

---

Appeal From The Workers' Compensation Commission

---

Opinion No. 6111
Heard March 12, 2025 – Filed May 21, 2025

---

**DISMISSED**

---

Timothy Blair Killen, of Holder, Padgett, Littlejohn & Prickett, LLC, of Mt. Pleasant, for Appellant.

Michael Patrick Bennett, of Carr Legal Group, LLC, of Beaufort, and Joshua Reece Fester, of Hardeeville, both for Respondent.

---

**HEWITT, J.:** This appeal concerns an award of temporary disability payments and medical benefits in a workers' compensation case. The parties to this appeal are the Uninsured Employers' Fund (the Fund) and Zachary Brown (Claimant).

The key dispute before the Workers' Compensation Commission was whether Claimant's employer, Southeastern Services, H.H.I., LLC (Southeastern), regularly

employed four or more employees and was subject to the Workers' Compensation Act (the Act). The Fund argues the commission erred in finding Southeastern had the requisite number of employees. Claimant defends the commission's decision.

At our request, Claimant and the Fund submitted supplemental briefs addressing whether the commission's decision is immediately appealable. As both sides acknowledge, the right to immediately appeal a workers' compensation case is controlled by the Administrative Procedures Act (the APA), which provides that only two types of orders are immediately appealable: final decisions and intermediate orders for which delayed review will not provide an adequate remedy. The order in this case is neither a final decision nor is it the type of interlocutory order that must be immediately reviewed for appellate review to be adequate. Therefore, we dismiss this case as not immediately appealable.

## BACKGROUND

The circumstances giving rise to Claimant's injury are fairly straightforward. Claimant was employed as a laborer for Southeastern. It is undisputed that Claimant fell from a ladder and injured his left leg while removing stucco from around a window at a home on Hilton Head. Claimant was taken to Hilton Head Hospital by two coworkers. He was admitted to the emergency room and treated for a mild fracture of the left tibia and fibula. Claimant underwent surgery later that month. Hardware was installed in his left leg during the surgery.

Roughly a year and a half later, Claimant sought an independent medical evaluation with Dr. Joseph Tobin. Dr. Tobin opined to a reasonable degree of medical certainty that Claimant had not yet reached maximum medical improvement. He further opined that Claimant would benefit from future treatment including the removal of the hardware from his leg.

Adversarial proceedings began when Claimant filed a Form 50 requesting a hearing before the commission. Southeastern conceded that it did not have workers' compensation insurance but contended it was not subject to the Act. There was no dispute about Claimant's injury; instead, the pivotal question was whether Southeastern was subject to the Act at the time of the injury.

The single commissioner found Southeastern was subject to the Act, awarded Claimant roughly $3,100 for a closed period of temporary disability benefits, and ordered Southeastern to provide medical treatment as recommended by a treating physician of Southeastern's choosing. The single commissioner also ordered the

Fund to pay for Claimant's emergency room treatment. The Fund appealed this order to the commission's appellate panel. The appellate panel affirmed the single commissioner's order in a 2 to 1 majority decision. This appeal followed.

**APPEALABILITY**

The APA governs the court system's review of workers' compensation cases. *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 132, 276 S.E.2d 304, 305 (1981). The right to seek judicial review of an agency's decision is found in section 1-23-380 of the South Carolina Code (Supp. 2024). In explaining two types of orders are immediately "appealable" to the court system, the statute provides, in pertinent part:

> A party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review . . . . A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

*Id*.

Although the first part of the statute uses the term "final decision," most precedents use the term "final judgment." "A final judgment disposes of the whole subject matter of the action or terminates the particular proceeding or action, leaving nothing to be done but to enforce by execution what has been determined." *Charlotte-Mecklenburg Hosp. Auth. v. S.C. Dep't of Health & Env't Control*, 387 S.C. 265, 267, 692 S.E.2d 894, 895 (2010); *see also Good v. Hartford Accident & Indemn. Co.*, 201 S.C. 32, 41–42, 21 S.E.2d 209, 212 (1942) (noting that a final judgment must "[d]ispose of the cause . . . as to all the parties, reserving no further questions or directions for future determination . . . and must be final in all matters" (quoting 2 Am. Jur. 860 § 22)). One of this court's past cases explains "[a]n order of the commission is not a final decision unless it resolves the entire action." *Ex parte S.C. Prop. & Cas. Ins. Guar. Ass'n*, 411 S.C. 501, 504, 768 S.E.2d 670, 672 (Ct. App. 2015). Another describes the APA as limiting appeals "to those from a 'final decision' of the commission." *Rose v. JJS Trucking*, 411 S.C. 366, 368, 768 S.E.2d 412, 413 (Ct. App. 2015). Black's Law Dictionary defines a final judgment as "[a] court's last action that settles the rights of the parties and disposes of all issues in controversy." *Judgment*, *Black's Law Dictionary* (12th ed. 2024). We understand these authorities to say that an agency determination is not a "final decision" unless

it marks the end of the road for the case. *See Charlotte-Mecklenburg*, 387 S.C. at 267, 692 S.E.2d at 894 (holding that an administrative order is interlocutory "[i]f there is some further act [that] must be done by the court prior to a determination of the rights of the parties").

As the parties concede, the order in this case is not a "final decision." The commission's order did two things: it addressed whether Southeastern had the number of employees required to fall under the commission's jurisdiction and it established Claimant's entitlement to certain temporary benefits. Claimant has not reached maximum medical improvement, and the commission has not ruled on whether Claimant is entitled to an award for any permanent disability. Other disputes may well arise as this case proceeds toward a final decision. *See Rose*, 411 S.C. at 368, 768 S.E.2d at 413 (finding an order from the workers' compensation commission, which left permanency unresolved, did not qualify as a final order because "the commission ha[d] not yet ruled on the merits of [Claimant's] entire claim for benefits"). It is not uncommon for there to be several hearings and orders as a workers' compensation case makes its way to a final judgment.

The Fund contends the order in this case is immediately appealable as an intermediate ruling that cannot be adequately reviewed later. This order certainly fits the definition of an intermediate or interlocutory order, which is "[a]n order that relates to some intermediate matter in the case; any order other than a final order." *Judgment*, *Black's Law Dictionary* (12th ed. 2024). But precedent explains the APA's exception to the final judgment rule is a narrow exception that is to be rarely applied. *See Hilton v. Flakeboard Am. Ltd.*, 418 S.C. 245, 252, 791 S.E.2d 719, 723 (2016) ("[C]ircumstances . . . that will permit the immediate appeal of an interlocutory administrative decision under section 1-23-380(A) 'are about as rare as the proverbial hens' teeth." (quoting *State v. Lytchfield*, 230 S.C. 405, 409, 95 S.E.2d 857, 859 (1957)); *Russell v. Wal-Mart Stores, Inc.*, 426 S.C. 281, 283, 290, 826 S.E.2d 863, 864, 867 (2019) (invoking this exception because remanding the claim to a single commissioner "for what would be a third ruling on the same claim" would create an "unreasonable delay in [reaching] a final decision").

The Fund's argument for immediate review of this award is that Southeastern will not have an adequate remedy if review of this decision is delayed until the final judgment. This is so, the Funds says, because there will be no way for Southeastern to recover what the Fund will have paid for Claimant's medical treatment and any temporary disability payments. We cannot agree.

The first reason we must reject this argument is that if we construed the exception to operate this broadly, it would completely swallow the final judgment rule, at least as far as workers' compensation cases are concerned. The purpose of the final judgment rule "is to present the whole cause for determination in a single appeal and thus to prevent the unnecessary expense and delay of repeated appeals." *Good*, 201 S.C. at 41, 21 S.E.2d at 212 (citation omitted). Workers' compensation cases frequently involve awards of temporary benefits, including medical care, followed by a period of treatment before there is a final decision adjudicating whether the injury caused any permanent disability and determining the appropriate benefits to compensate for that disability. If this order is immediately appealable, every order addressing compensability and awarding temporary benefits or medical treatment would be immediately appealable. Review of intermediate orders would cease to be a rare exception. This would thwart, rather than serve, the workers' compensation regime's purpose of providing a speedy, informal, and efficient avenue to recovery. *See Nicholson v. S.C. Dep't of Soc. Servs.*, 411 S.C. 381, 389, 769 S.E.2d 1, 5 (2015) ("The Workers' Compensation Act was designed to supplant tort law by providing a no-fault system focusing on quick recovery, relatively ascertainable awards, and limited litigation."); *see also Peay v. U.S. Silica Co.*, 313 S.C. 91, 94, 437 S.E.2d 64, 65 (1993) ("Workers' compensation laws were intended by the Legislature to relieve workers of the uncertainties of a trial for damages by providing sure, swift recovery for workplace injuries regardless of fault."). Allowing temporary awards to be immediately appealable would encourage, rather than discourage, prolonged litigation and piecemeal appeals.

Second, and to the same general point, it is helpful to contrast this case with our supreme court's explanation that this exception can apply when the commission's order creates an unreasonable delay in issuing a final order. *See Hilton*, 418 S.C. at 251–52, 791 S.E.2d at 722–23 ("Under these extraordinary circumstances, . . . where the [c]ommission has in effect ordered a new trial without regard to the matters raised by the appealing party and without any explanation why such an extreme remedy is appropriate . . . [demonstrates] that requiring Hilton to wait to appeal until the final agency decision would not provide an adequate remedy."); *see also Russell*, 426 S.C. at 287, 826 S.E.2d at 866 (finding that the inadequate remedy exception was satisfied when "a party could face the possibility of repeated unexplained 'do overs' before a final decision of the [c]ommission" (quoting *Hilton*, 418 S.C. at 252, 791 S.E.2d at 723)); *id.* at 288, 826 S.E.2d at 866 ("In this case, however, the commission's unnecessary delays and repeated remands over the almost eight years since Russell filed her change of condition claim frustrated the goals of the Workers' Compensation Act."). Nothing whatsoever suggests this case was prime for an unreasonably lengthy delay. Claimant was awarded a closed period of temporary

disability payments because he was released to work within a few weeks of his injury and surgery. The commission's order required nothing more than medical treatment by an authorized treating physician. One wonders whether this seemingly simple case might have already proceeded to a final judgment had there not been an interlocutory appeal.

This system of delaying most workers' compensation appeals until the final judgment is not perfect. We understand, and expressly do not discount, the fact that this regime places the interim costs of disability and medical benefits on employers. That concern has less force in this case because the Fund acknowledges it has a statutory right to recover all of its interim expenses from Southeastern. *See* S.C. Code Ann. § 42-7-200 (C)–(D) (2015). But setting the Fund's unique position aside, two things prevent us from adopting the view that costs such as those associated with temporary benefits warrant immediate appellate review. First, there already is an existing remedy. Our case law recognizes that an employer has a right to seek reimbursement if a workers' compensation award is reversed. *See Moore v. North American Van Lines*, 319 S.C. 446, 448, 462 S.E.2d 275, 276 (1995) (finding the circuit court may hear an employer's restitution claim when a benefit award is reversed because the commission lacked jurisdiction over the claim). This may not be a perfect remedy, but we cannot say it is inadequate. *See also Rose*, 411 S.C. at 369, 768 S.E.2d at 413 (holding parties have an adequate remedy when the only alleged prejudice is delaying the payment of money between insurance providers). Second, adopting this argument would just be another way of turning the final judgment rule completely on its head.

Because the commission's order is neither a final decision nor is it the type of interlocutory order that has to be reviewed immediately to ensure adequate appellate review, we dismiss this case as not immediately appealable. We decline to address all other issues because this dismissal is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999).

**DISMISSED.**

**THOMAS and CURTIS, JJ., concur.**