753 S.E.2d 436

**Raquel MARTINEZ, Employee, Petitioner,**

v.

**SPARTANBURG COUNTY, Employer, and S.C. Association of Counties Self–Insurance Fund, Carrier, Respondents.**

**Appellate Case No. 2011–202268.**

**No. 27343.**

Supreme Court of South Carolina.

Heard Oct. 15, 2013.

Decided Jan. 8, 2014.

James K. Holmes and David T. Pearlman, of The Steinberg Law Firm, LLP, of Charleston, and Chadwick D. Pye, of Chadwick D. Pye, LLC, of Spartanburg, for petitioner.

Richard B. Kale, Jr. and Mitchell K. Byrd, Jr., of Willson Jones Carter & Baxley, P.A., of Greenville, for respondents.

Justice HEARN.

This workers' compensation case comes before us following the court of appeals' reversal of a circuit court order. The circuit court order reversed a decision of the Workers' Compensation Commission and remanded the case for further proceedings. Pursuant to this Court's decision in *Bone v. U.S. Food Service*, 404 S.C. 67, 744 S.E.2d 552 (2013), we find the circuit court's order was not a final judgment and therefore it was not appealable. Accordingly, we vacate the court of appeals' opinion and remand the case to the Commission.

Raquel Martinez, the claimant, was employed by the County as a master deputy forensic investigator. In that capacity she investigated an accident scene where an infant girl was fatally crushed by a car driven by the child's father, a police officer who formerly worked with Martinez. She later suffered a mental breakdown and filed a workers' compensation claim alleging the breakdown was the result of the investigation. Both the single commissioner and the appellate panel of the Workers' Compensation Commission found Martinez's claim was not compensable because the investigation was not an extraordinary and unusual condition of her employment and because the investigation did not proximately cause her injury. Martinez appealed to the circuit court which reversed and remanded the case for further proceedings before the Commission. Respondents appealed to the court of appeals which reversed the circuit court, finding Martinez's injury noncompensable. *Martinez v. Spartanburg County*, 394 S.C. 224, 715 S.E.2d 339 (Ct.App.2011).

A party is entitled to judicial review of any final agency decision. *See* S.C.Code Ann. § 1–23–380 (Supp.2012). Once the initial judicial branch appellate review of an agency decision is complete, further appellate review is governed by Section 1–23–390 of the South Carolina Code (Supp.2012).

That statute permits further appellate review only "of a final judgment of the circuit court or the court of appeals." S.C.Code Ann. § 1–23–390. In *Bone*, this Court construed "final judgment" to mean an order "that finally disposes of the whole subject matter of the action or terminates the action, leaving nothing to be done but to execute the judgment. . . ." *Bone*, 404 S.C. at 83, 744 S.E.2d at 561.

Here, under *Bone*, the circuit court's order was not a final judgment. It remanded the matter to the Commission for further proceedings, and thus left matters to be determined rather than disposing of the whole subject matter of the action. Because the order was not appealable, we hereby vacate the court of appeals' opinion and remand the case to the Workers' Compensation Commission.

TOAL, C.J., BEATTY, KITTREDGE, JJ., and Acting Justice JAMES E. MOORE, concur.