# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Thomas Chad Hilton, Claimant, Petitioner,

v.

Flakeboard America Limited, Employer, and Liberty Mutual Insurance Company, Carrier, Defendants, Respondents.

Appellate Case No. 2015-000493

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from the South Carolina Workers' Compensation Commission

---

Opinion No. 27670
Heard January 13, 2016 – Filed October 12, 2016

---

## VACATED AND REMANDED

---

Andrew Nathan Safran, of Columbia, for Petitioner.

Lawson Brenn Watson and Ian Charles Gohean, both of Willson Jones Carter & Baxley, P.A., of Greenville, for Respondents.

Gary Christmas, of Howell and Christmas, of Mt. Pleasant; Stephen Samuels, of Samuels Law Firm, of

Columbia; Michelle Powers, of Powers Law, of Greenwood; Ronald J. Jebaily and Suzanne H. Jebaily, both of Jebaily Law Firm, of Florence; Andrea Roche, of Mickle and Bass, of Columbia; John S. Nichols and Blake A. Hewitt, both of Bluestein Nichols Thompson and Delgado, of Columbia; Mary E. Jordan, of Hilton Head Island; David Pearlman, of The Steinberg Law Firm, of Charleston; and Linda McKenzie, of Bowen McKenzie Bowen, of Greenville, all for Amicus Curiae, Injured Workers' Advocates.

---

**CHIEF JUSTICE PLEICONES:**  We granted certiorari to review an order of the Court of Appeals dismissing Petitioner Thomas Hilton's appeal of an admittedly interlocutory order of the South Carolina Workers' Compensation Commission's Appellate Panel (the Commission). *Hilton v. Flakeboard America Ltd.*, S.C. Ct. App. Order dated Sept. 19, 2014. Hilton contends the Commission's interlocutory order vacating and remanding the Workers' Compensation Commission's single commissioner's (single commissioner) order is immediately appealable pursuant to S.C. Code Ann. § 1-23-380(A) (Supp. 2015). Section 1-23-380(A) states, in relevant part, that "a preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy."  We agree, under these unusual facts, that review of the final agency decision would not provide Hilton with an adequate remedy, and he is therefore entitled to an immediate appeal. Determining whether review of the final agency decision would give Hilton an adequate remedy requires us to reach the underlying merits of the Commission's order, and since we conclude that the order cannot stand, we vacate the Court of Appeals' order and remand the matter to the Commission. On remand, the Commission will limit consideration to Respondent Flakeboard's 102 specific exceptions to the single commissioner's order.

## FACTS

Hilton suffered an admittedly compensable injury as the result of an insect or spider bite.  The present dispute concerns whether he required further medical

treatment to reach maximum medical improvement (MMI). The single commissioner agreed with Hilton on the merits, finding he had not reached MMI, and further that any misrepresentations he had made during the life of his claim were a result of a serious cognitive deficit from a previous brain injury. Flakeboard appealed to the Commission raising four "General Exceptions" and 102 specific exceptions to the single commissioner's order. The four "General Exceptions" raised the issues of MMI, temporary disability, Hilton's entitlement to further medical treatment, and Hilton's credibility. Neither the four general exceptions nor the 102 specific exceptions raised issues of competency, the appointment of a Guardian ad Litem, or any claim that Flakeboard had been denied its right to have Hilton evaluated by a physician of its choice.

Following a hearing, the Commission—without observing Hilton— issued an order that first reproduced the single commissioner's order, then recited a paragraph entitled "Issues on Appeal," and finally concluded with these findings by the Commission:

### FINDINGS OF THE FULL COMMISSION

This matter was heard before the above-mentioned [Commission] during the last term of Review. The [Commission] considered the matter and **Vacate[s] and Remand[s]** the Decision and Order to [the single commissioner] to determine whether or not [Hilton] is competent to testify and whether or not [Hilton] needs a Guardian ad Litem pursuant to §42-15-55. They [sic] also order [Flakeboard] to send [Hilton] to a neurologist of [its] choice for an evaluation as to the causation and extent of [Hilton]'s problems.

### ORDER

**IT IS THEREFORE ORDERED** that this matter is **Vacated and Remanded** to the [single commissioner] for the purposes of making a determination as to whether or not [Hilton] is competent to testify and whether or not [Hilton] needs a Guardian ad Litem pursuant to §42-15-55. It is also Ordered that [Flakeboard] send [Hilton] to a neurologist of [its] choice

for an evaluation as to the causation and extent of [Hilton's] problems. Such evaluation shall be made available to the [single commissioner] for his or her consideration.

**AND SO IT IS ORDERED!**

(emphasis in original).

Hilton appealed the Commission's decision to the Court of Appeals. The Court of Appeals dismissed the appeal as not immediately appealable under S.C. Code Ann. § 1-23-380(A). This grant of certiorari followed.

## ISSUE

Did the Court of Appeals err in dismissing Hilton's appeal under S.C. Code Ann. § 1-23-380(A)?

## ANALYSIS

Hilton argues the Court of Appeals erred in dismissing his appeal because the Commission's order was immediately appealable under section 1-23-380(A). We agree. We decide the merits of Hilton's challenge to the Commission's order and vacate the Court of Appeals' order and remand to the Commission with orders to only address the issues preserved in Flakeboard's Form 30.

Appeals from administrative agencies are governed by the Administrative Procedures Act. *Bone v. U.S. Food Service*, 404 S.C. 67, 76, 744 S.E.2d 552, 557 (2013). Section 1-23-380(A) of the APA states a "preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy."[1] This Court has held

---

[1] The concurring opinion maintains that "the result the Court reaches today is directly contrary to" the decision in *Bone*. *Bone*, a plurality opinion, defined the issue it was addressing as "the meaning of a "final judgment" under [a prior version of S.C. Code Ann.] section 1-23-390," whereas the issue in this case is the meaning of the exception to a "final agency decision" in § 1-23-380(A). These two

that whether an intermediate action or ruling is immediately reviewable is to be decided on a case-by-case basis i.e., whether a review of the final decision would not provide an adequate remedy. *The Island Packet v. Kittrell*, 365 S.C. 332, 339, 617 S.E.2d 730, 734 (2005) (interpreting identical language in a previous version of section 1-23-380).

Only issues raised to the Commission within the application for review of the single commissioner's order are preserved for review. *Ham v. Mullins Lumber Co.*, 193 S.C. 66, 7 S.E.2d 712 (1952) (holding that all findings of fact and law by the Hearing Commissioner became and are the law of the case, unless within the scope of the appellant's exception to the Full Commission); *Brunson v. American Koyo Bearings,* 367 S.C. 161, 165, 623 S.E.2d 870, 872 (Ct. App. 2005) (holding that the findings of fact and law by the single commissioner become and are the law of the case unless excepted to by appellant) *abrogated in part on other grounds by Bone v. U.S. Food Service*, 404 S.C. 67, 744 S.E.2d 552 (2013); *Green v. City of Columbia*, 311 S.C. 78, 80, 427 S.E.2d 685 (Ct. App. 1993) (holding the findings of fact and law by the single commissioner become the law of the case, unless within the scope of the appellant's exception to the single commissioner's order) *abrogated in part on other grounds by Bone v. U.S. Food Service*, 404 S.C. 67, 744 S.E.2d 552 (2013).  This Court has also held that general exceptions, such as "the commission erred in making an award," are too ambiguous to fulfill the notice requirements of due process and do not preserve an issue for review. *See Jones v. Anderson Cotton Mills*, 205 S.C. 247, 31 S.E.2d 447 (1944).

The Commission has further emphasized the importance of including all appealed issues in the Form 30 through its own regulations. Each party "shall arrange and present all evidence at the hearing." 8 S.C. Code Ann. Regs. 67-613(A) (2012). And when a party decides to appeal the decision of the single commissioner:

> (3) The grounds for appeal must be set out in detail on the Form 30 in the form of questions presented.

statutes, in addition to using different terminology, govern appealability in two different situations. Section 1-23-390, along with Rule 242, SCACR, govern this Court's review of a final decision by an intermediate judicial tribunal, while § 1-23-380 defines the circumstances under which a judicial body may review an agency decision. *See*, *e.g.*, *Shatto v. McLeod Reg. Med. Center*, 406 S.C. 470, 753 S.E.2d 416 (2013) fn. 2.

> (a) Each question presented must be concise and concern one finding of fact, conclusion of law, or other proposition the appellant believes is in error.

8 S.C. Code Ann. Regs. 67-701 (2012).

Under these unique circumstances where the Commission has ordered the relitigation of the entire dispute without regard to the matters raised by the appealing party, we find that requiring Hilton to wait until the final agency decision to appeal would not provide him an adequate remedy. Prior to the Commission's order, no issue regarding Hilton's competency had been raised by the attorneys for any party,[2] by the single commissioner who observed Hilton's live testimony, or by the medical experts who evaluated him. The Commission, nonetheless, without the benefit of personally observing Hilton, *sua sponte* raised the issues of competency, and potential appointment of a Guardian ad Litem. It further *ex mero motu* ordered Hilton to have his physical injuries evaluated by a physician of Flakeboard's choosing. Further, instead of simply remanding for a competency determination leaving open the possibility the single commissioner would find Hilton competent, it vacated the single commissioner's order; thus ordering both parties to begin anew, regardless of the ultimate competency determination. These extreme remedies, moreover, were ordered without any explanation from the Commission.

As with competency, Flakeboard never sought to have Hilton seen by a doctor of its choosing. The Commission *ex mero motu* ordered Hilton to be seen by a doctor of Flakeboard's choosing to determine the cause of his physical injuries. To be sure, S.C. Code Ann. § 42-17-30 (2015)[3] and S.C. Code Ann. § 42-15-80 (2015)[4]

---

[2] Flakeboard's claim that its four general exceptions raised these issues to the Commission is contrary to this Court's jurisprudence. Each issue raised to the Commission must be done with specificity, not through blanket general exceptions. Further, we find no evidence in this record that Flakeboard was concerned with Hilton's competency or the need for an additional medical examination. *Ham v. Mullins Lumber Co.*, 193 S.C. 66, 7 S.E.2d 712 (1952) (holding unchallenged findings of the single commissioner became the law of the case).

[3] Section 42-17-30 states, in pertinent part, "The commission or any member thereof may, upon the application of either party or upon its own motion, appoint a

grant the Commission the authority to require Hilton to be evaluated by a physician of its choosing. But instead, the Commission ordered Flakeboard "to send [Hilton] to a neurologist of their choice . . . ," despite no such request being made by Flakeboard under either statute. The Commission's order furthermore gives no explanation why further medical evaluation is required; a decision effectively granting Flakeboard a "do over" of the entire litigation.

Under these extraordinary circumstances, we are convinced that the standard set by section 1-23-380(A) has been met. The facts of this case—where the Commission has in effect ordered a new trial without regard to the matters raised by the appealing party and without any explanation why such an extreme remedy is appropriate—convince us that requiring Hilton to wait to appeal until the final agency decision would not provide an adequate remedy. If under the circumstances presented here, the Commission's order is allowed to stand, a party could face the possibility of repeated unexplained "do overs" before a final decision of the Commission. We caution that circumstances such as these that will permit the immediate appeal of an interlocutory administrative decision under section 1-23-380(A) "are about as rare as the proverbial hens' teeth." *State v. Lytchfield*, 230 S.C. 405, 409, 95 S.E.2d 857, 859 (1957) (referring to appellate reversals of denial of continuance motions).

## CONCLUSION

We vacate the Court of Appeals' order dismissing Hilton's appeal and remand the matter to the Commission for consideration only of Flakeboard's 102 specific exceptions to the single commissioner's order raised in the Form 30.

---

disinterested and duly qualified physician or surgeon to make any necessary medical examination of any employee and to testify in respect thereto."

[4] Section 42-15-80 states, "After an injury and so long as he claims compensation, the employee, if so requested by his employer or ordered by the commission, shall submit himself to examination, at reasonable times and places, by a qualified physician or surgeon designated and paid by the employer or commission."

**VACATED AND REMANDED**.


**Acting Justice James E. Moore, concurs. BEATTY, J., concurring in result only. KITTREDGE, J., concurring in a separate opinion in which HEARN, J., concurs.**

**JUSTICE KITTREDGE:**  I concur in result but write separately to note my view that the result the Court reaches today is directly contrary to this Court's decision in *Bone v. U.S. Food Service*, 404 S.C. 67, 744 S.E.2d 552 (2013).  I joined the dissent in *Bone*, and I remain firmly convinced that *Bone* was wrongly decided and should be overruled.  The majority maintains that this case is distinguishable from *Bone* because "the issue in this case is the meaning of the exception to a 'final agency decision' in § 1-23-380(A)."  Specifically, the majority cites to the provision in section 1-23-380 that states, "A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy."  S.C. Code Ann. § 1-23-380 (Supp. 2015).  The majority correctly finds "that review of the final agency decision would not provide Hilton with an adequate remedy, and he is therefore entitled to an immediate appeal."  But I respectfully disagree with the suggestion that *Bone* and this case involve "two different situations," for the petitioners in *Bone* made the identical argument based on section 1-23-380 as that made by Hilton, i.e., that review of a final agency decision would not provide an adequate remedy.  The Court rejected that argument in *Bone*, where it was far more compelling than it is in this case.  *See Bone*, 404 S.C. at 74, 744 S.E.2d at 556 (concluding, after the circuit court ruled the employee–respondent suffered a compensable injury as a matter of law, that review of the Workers' Compensation Commission's final decision would provide the petitioners with an adequate remedy).


**HEARN, J. concurs.**