# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Gena Cain Davis, Claimant, Respondent,

v.

S.C. Department of Corrections, Employer, and State Accident Fund, Carrier, Petitioners.

Appellate Case No. 2022-000519

———————

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———————

Appeal from the Workers' Compensation Commission

———————

Opinion No. 28224
Heard January 10, 2024 – Filed July 31, 2024

———————

## AFFIRMED AS MODIFIED

———————

Kirsten Leslie Barr, of Trask & Howell, L.L.C. of Mt. Pleasant, for Petitioners.

Stephen Benjamin Samuels, of Samuels Reynolds Law Firm, LLC, of Columbia, for Respondent.

———————

**CHIEF JUSTICE BEATTY:** In this workers' compensation case, the employer challenged the single commissioner's order that allowed the claimant to withdraw her Form 50 request for a hearing without prejudice and dismissed the

employer's Form 21 request to stop the payment of temporary compensation. A three-member panel of the South Carolina Workers' Compensation Commission ("Appellate Panel") upheld the ruling as to the Form 21, but reversed the ruling on the Form 50 as to prejudice after finding the single commissioner lacked jurisdiction to rule on prejudice, and it returned the case to the Commission's files. The claimant appealed, and the court of appeals vacated the Appellate Panel's decision in part, holding the single commissioner's ruling on the Form 50 was interlocutory and not immediately reviewable by the Appellate Panel, and it remanded the case to the Commission. *Davis v. S.C. Dep't of Corr.*, Op. No. 2022-UP-081, 2022 WL 551972 (S.C. Ct. App. filed Feb. 23, 2022). We granted the employer's petition for a writ of certiorari to review the decision of the court of appeals and to clarify the statutory review process for workers' compensation claims.[1] We affirm as modified.

## I. FACTS

The claimant, Gena Cain Davis ("Davis"), filed a Form 50 notice of a claim in July 2016, alleging she sustained injuries to her legs and back in a slip-and-fall accident that occurred on July 14, 2016 during the course and scope of her employment as a correctional officer with the South Carolina Department of Corrections ("SCDC"). In October 2016, Davis submitted a Form 50 request for a hearing on her claim, in which she additionally alleged she sustained the aggravation of a pre-existing condition of deep vein thrombosis as a result of her accident.[2]

A hearing date was set for February 2017, but the hearing was cancelled after Davis withdrew her Form 50 request. In April 2017, SCDC suspended the payment of temporary disability compensation and filed a Form 21 requesting a hearing on its accompanying request to stop compensation. Also, in April 2017, Davis filed a second Form 50 request for a hearing on her claim. A hearing was initially scheduled for the parties in July 2017, but it was postponed at the request of SCDC and its carrier[3] for additional time to depose a witness.

---

[1] This case involves questions of jurisdiction at multiple stages of review. *See generally* S.C. Code Ann. § 42-17-50 (2015) (review of a single commissioner's ruling by the Appellate Panel); *id.* § 1-23-380 (Supp. 2023) (judicial review of a final agency decision by the court of appeals).

[2] A Form 50 is used to report a claim and also to request a hearing on a claim.

The parties obtained a new hearing date of October 24, 2017 to consider Davis's claim and SCDC's Form 21 stop-payment request. A formal hearing never occurred, however, because the single commissioner allowed Davis to withdraw her Form 50 hearing request and dismissed SCDC's Form 21 request at an off-the-record, prehearing conference with the parties that occurred on the date of the scheduled hearing, October 24.

This appeal concerns SCDC's dispute over the written order subsequently signed by the single commissioner on November 14, 2017 memorializing his rulings. The order of the single commissioner indicated that, after a prehearing conference: (1) Davis "was allowed to withdraw the Form 50 without prejudice"; (2) SCDC's Form 21 hearing request for a stop-payment was dismissed on the ground it was not properly before the single commissioner, as SCDC had already suspended temporary compensation and was not current in its payments; (3) the scheduled hearing was cancelled; and (4) Davis's "claim [was] returned to the Commission's general files."

SCDC's dispute centered on its objection to the characterization of the Form 50 withdrawal as being "without prejudice." Notably, before the single commissioner filed the order, the parties discussed the details of the order, including the issue of prejudice, in a series of email exchanges. Davis had initially been asked to prepare a proposed order regarding the Form 21 and, in a follow-up email, Davis had sought clarification from the single commissioner about the status of her Form 50 after becoming aware that SCDC was planning to seek the dismissal of Davis's entire *claim*, as opposed to just the Form 50 *hearing* request. SCDC argues that the claim is procedurally viable but legally dead as a result of the second withdrawal of the Form 50.

SCDC vehemently objected to the withdrawal of the Form 50 being characterized as "without prejudice" and argued the Form 50 withdrawal should, instead, be deemed a "voluntary" dismissal by Davis of her claim because it was the second time she had withdrawn her Form 50, and the withdrawal was being done solely for purposes of delay. SCDC relied on an agency regulation for its assertion in this regard. *See* S.C. Code Ann. Regs. 67-609(C) (2012) ("Withdrawing a Form 50 or Form 52 the second time without good cause *may* operate as a voluntary dismissal of the claim when the form is withdrawn by a claimant who has once

---

[3] For convenience, "SCDC" will be used to refer to the employer, but it will also be deemed to include the carrier, when appropriate.

withdrawn a Form 50 or Form 52 based on the same set of facts, ***and, in the opinion of the Commissioner, the form is withdrawn merely for the purpose of delay***." (emphasis added)).

Davis, in turn, stated in the email exchanges that, after SCDC indicated during the prehearing conference that it planned to contest her additional medical treatment, she had sought to withdraw her hearing request solely to obtain additional proof to address SCDC's concerns about her treatment that arose based on SCDC's interpretation of certain case law regarding the burden of proof. Davis maintained she was not dismissing her claim, all parties were aware of this point, and her withdrawal of the Form 50 was not for the improper purpose of causing a delay.

The single commissioner responded, through his staff, that it was his understanding Davis had asked to withdraw the Form 50 without prejudice during the prehearing conference, "and with it being within his discretion to do so, [he] allowed [Davis] to do that." The single commissioner rejected SCDC's arguments for removing the "without prejudice" designation and issued the order memorializing his decision to allow Davis to withdraw her Form 50 without prejudice and to dismiss SCDC's Form 21.

SCDC sought review by the Commission, and the matter was heard by the Appellate Panel. At the hearing on the matter SCDC argued, in relevant part, that the Form 50 withdrawal should not be designated "without prejudice" because the question was not discussed at the prehearing conference, so the single commissioner lacked the "authority" or "jurisdiction" to issue the challenged order, and the order was impermissibly vague because it did not specifically reference whether there was "good cause" to allow the Form 50 withdrawal to be made without prejudice. SCDC also summarily asserted Davis's explanation that she was seeking additional medical proof was not good cause for the withdrawal of her hearing request.

Davis, in contrast, maintained she expressly provided an explanation of her necessity for withdrawing her Form 50 at the prehearing conference, it was clear to everyone present that she was withdrawing her hearing request, not her claim, and she understood it to be without prejudice. Davis asserted SCDC did not argue during the prehearing conference that the harsher penalty of prejudice should apply or that the second withdrawal of her Form 50 should be treated, instead, as a voluntary dismissal. Davis contended that, if SCDC wanted the single commissioner to treat the withdrawal as a voluntary dismissal, it was incumbent upon SCDC to assert to

the single commissioner that her reason for the withdrawal was not good cause and move for a dismissal. Davis argued that, under the applicable regulation, whether a withdrawal is being made merely for purposes of delay is to be determined within the discretion of the single commissioner, but SCDC remained silent on this point until the proposed order was prepared, and when the issue was finally raised by SCDC, the single commissioner rejected SCDC's contention. Davis maintained the single commissioner did not lose his authority to issue a written order memorializing his rulings, as the single commissioner would not lose his authority until there was an order issued returning the case to the Commission's general files or the order was appealed after fourteen days, pursuant to the statutory review process.

The Appellate Panel affirmed the single commissioner's ruling as to the Form 21 and reversed the ruling as to the Form 50. The Appellate Panel found the single commissioner correctly ruled the Form 21 request was not properly before the Commission. As to the Form 50, the Appellate Panel noted SCDC was arguing that the second Form 50 withdrawal operated as an adjudication on the merits and was tantamount to a voluntary dismissal. The Appellate Panel found the single commissioner erred as a matter of law in concluding Davis was allowed to withdraw her Form 50 without prejudice. The Appellate Panel found the issues of whether there was "good cause" to withdraw the Form 50 for a second time or whether it was made solely for purposes of delay were not raised to the single commissioner during the prehearing conference, and the single commissioner lost "jurisdiction" over Davis's claim after what it called Davis's "voluntary" withdrawal of her Form 50, the dismissal of the Form 21, and the cancellation of the hearing. The Appellate Panel further concluded the issue of prejudice also was not properly before it (the Appellate Panel). The Appellate Panel additionally noted the single commissioner's order was vague because "it lack[ed] detailed findings of fact and rulings of law."

Davis appealed. The court of appeals vacated in part and remanded. *Davis v. S.C. Dep't of Corr.*, Op. No. 2022-UP-081, 2022 WL 551972 (S.C. Ct. App. filed Feb. 23, 2022). The court of appeals observed the Appellate Panel's review is governed by section 42-17-50 of the South Carolina Code, which allows the Commission (or Appellate Panel) to review a single commissioner's "award." *Id.* at *2 (citing S.C. Code Ann. § 42-17-50 (2015)). The court of appeals reasoned "[t]he single commissioner's order allowing Davis to withdraw the Form 50 [hearing request] without prejudice and returning the claim to the [C]ommission's general files is analogous to an order granting a continuance or denying a motion to dismiss," which are intermediate orders that are not immediately appealable. *Id.*

Consequently, the court of appeals vacated the portion of the Appellate Panel's decision addressing the Form 50 (the only portion of the Appellate Panel's order that SCDC challenged) on the basis the ruling was not immediately reviewable, and it remanded the case to the Commission for proceedings consistent with its opinion. *Id.* at *3.

This Court granted SCDC's petition for a writ of certiorari to review the decision of the court of appeals. Among its contentions, SCDC questions the appellate jurisdiction of the court of appeals to rule on the appeal and argues the court of appeals erred in holding the Appellate Panel did not have jurisdiction to review the single commissioner's ruling.

## II. STANDARD OF REVIEW

Under the South Carolina Administrative Procedures Act ("APA"), an appellate court may reverse or modify the decision of the agency if substantial rights of the appealing party have been prejudiced because the administrative findings, inferences, conclusions, or decisions are affected by an error of law or are not supported by substantial evidence in the record. *See* S.C. Code Ann. § 1-23-380(5) (Supp. 2023) (listing various categories of error).

In workers' compensation cases, the full Commission is the ultimate fact-finder. *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000). "The court may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact." S.C. Code Ann. § 1-23-380(5).

The appeal before this Court turns on the meaning of statutory provisions governing the review process in workers' compensation matters. Namely, the provisions regarding administrative review of a single commissioner's order by the Appellate Panel, and judicial review of an Appellate Panel's order by the court of appeals. "Determining the proper interpretation of a statute is a question of law, and this Court reviews questions of law de novo." *Town of Summerville v. City of N. Charleston,* 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008).

"The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Brown v. Bi-Lo, Inc.*, 354 S.C. 436, 439, 581 S.E.2d 836, 838 (2003). We must give the words in a statute their plain and ordinary meaning, without resort to subtle or forced construction to limit or expand the

statute's operation, and when the words are unambiguous, we must apply their literal meaning. *CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011).

Statutes should be read in harmony with their purpose and with other provisions that are part of the same general statutory law in order to determine their effect. *Id.* While this Court will generally give deference to an agency's interpretation of an applicable statute or its own regulation, where the plain language of a statute is contrary to the agency's interpretation, this Court will reject the agency's interpretation. *Brown*, 354 S.C. at 440, 581 S.E.2d at 838. Deference to an agency's interpretation is not mandatory.

## III. DISCUSSION

SCDC asserts the court of appeals erred in exercising its appellate jurisdiction to review and vacate in part an interlocutory decision of the Appellate Panel that did not determine the merits of the case, in concluding the Appellate Panel lacked authority to review the single commissioner's decision, and in ordering a remand to the Commission when no issues germane to the appeal are pending.

SCDC further asserts several subsidiary points regarding the content of the Appellate Panel's order. SCDC argues the Appellate Panel properly reversed the single commissioner's order, as the latter was rendered upon unlawful procedure and was prejudicial to SCDC's right of due process; and it maintains the Appellate Panel properly found Davis unilaterally and unconditionally withdrew her claim by notice.

### A. Jurisdiction of Court of Appeals

SCDC argues, as an initial matter, that the court of appeals lacked appellate jurisdiction to consider the appeal from the Appellate Panel's order because it was not a final agency decision. As a result, SCDC contends the opinion of the court of appeals should be reversed or vacated, and the order of the Appellate Panel should be reinstated. We disagree.

This case involves questions regarding the jurisdiction of both the court of appeals and the Appellate Panel. We find the court of appeals properly exercised its appellate jurisdiction. Because the opinion of the court of appeals focused only on

the Appellate Panel's jurisdiction, however, we find it helpful to clarify the statutory review process to provide additional guidance in this and future cases.

"The APA establishes the standard for judicial review of decisions of the Commission." *Bone v. U.S. Food Serv.*, 404 S.C. 67, 73, 744 S.E.2d 552, 556 (2013) (holding the APA, not the general appealability statute of section 14-3-330, establishes the applicable standard for review); *see also Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 132, 276 S.E.2d 304, 305 (1981) (stating the APA "purports to provide uniform procedures before State Boards and Commissions for judicial review after the exhaustion of administrative remedies").

Section 1-23-380 of the APA governs judicial review of the Appellate Panel's decision by the court of appeals:

> A party who has ***exhausted all administrative remedies available within the agency*** and who is aggrieved by a ***final decision*** in a contested case is entitled to judicial review . . . . Except as otherwise provided by law, an appeal is to the court of appeals.

S.C. Code Ann. § 1-23-380 (emphasis added).

The statute includes an exception, however, that allows immediate judicial review of an interlocutory order "if review after a final agency decision" is found to be inadequate:

> A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of *the **final agency decision*** would not provide an adequate remedy.

*Id.* (emphasis added).

SCDC asserts the disingenuous argument that the Appellate Panel's order is not a "final agency decision" as contemplated in section 1-23-380 because the order did not concern and resolve the merits of Davis's claim. SCDC contends this is readily apparent from the fact that no evidentiary hearing has ever been held. SCDC further argues Davis can obtain an adequate review of her issues at a later date—upon appeal from the final agency decision—so the exception allowing immediate

judicial review of an interlocutory ruling is not applicable. SCDC would have us overlook the Appellate Panel's order portending the dismissal of Davis's claim by the application of the doctrine of retraxit. SCDC further contends the Appellate Panel did not err in vacating the order of the single commissioner after finding the commissioner lacked jurisdiction to rule on the issue of prejudice.

In contrast, Davis points out that SCDC argued in its brief to the court of appeals, as it does here, that Davis's withdrawal of her second Form 50 was tantamount to a voluntary dismissal with prejudice, and the mere fact that Davis did not intend the preclusive effect of the law to apply to her is irrelevant. Davis contends this implies there has been a final agency decision that has terminated her claim. Davis states it is clear that, if the Appellate Panel's order is not a final agency decision, SCDC intends to pursue the argument on remand that the Appellate Panel's decision effectively ended her claim, even if it did not do so directly, or that the Appellate Panel's findings (including the point that she "voluntarily" withdrew her Form 50) are now the law of the case, and SCDC will move for a dismissal with prejudice based on those findings. Davis asserts this would leave her without an adequate remedy on appeal, so the Appellate Panel's order should be immediately reviewable. Davis asserts the court of appeals correctly vacated all of the Appellate Panel's findings related to the withdrawal of the Form 50 because, as found by the court of appeals, the single commissioner's decision to allow Davis to withdraw her Form 50 hearing request without prejudice was not subject to interlocutory review by the Appellate Panel. She also contends the Appellate Panel erred in finding the single commissioner lacked jurisdiction to issue his order regarding the Form 50 and the issue of prejudice.

South Carolina's appellate courts have long wrestled with the review process to be utilized in workers' compensation cases. An overarching concern has been to avoid repeated, piecemeal appeals in order to foster expeditious review. However, the individualized nature of work injuries and the need, in some cases, for lengthy medical treatment have resulted in protracted litigation disputing nearly every aspect of the administrative process prior to a final determination on the merits of a claim. *See, e.g.*, *Russell v. Wal-Mart Stores, Inc.*, 426 S.C. 281, 286, 826 S.E.2d 863, 865 (2019) ("The [APA] limits the role of the judicial branch of government in meeting the goal of quick decisions in limited litigation by restricting appeals to final decisions in most cases. Nevertheless, this Court has struggled to foster quick and efficient resolution of work-related injury claims by discouraging the commission from making repeated, unnecessary remands." (citations omitted)); *id.* (noting the

"lingering confusion" concerning immediate appealability arising in workers' compensation matters following the passage of the APA (citation omitted)).

A plain reading of the statutory language in section 1-23-380, particularly the requirement that a party must have first "exhausted all administrative remedies available within the agency," and the existing case law interpreting the statute indicate that a party must first complete the review process within the agency and have obtained a "final decision" (or "final agency decision")[4] regarding the claim from the Commission before seeking judicial review by the court of appeals.

The reference to a "final decision" in this context does not include a final decision on a procedural or other intermediate point that does not resolve the merits of the claim. Otherwise, there would be no need for the explicit exception in section 1-23-380 allowing immediate review by the court of appeals of "[a] preliminary, procedural, or intermediate agency action or ruling" when the claimant would be left with an inadequate remedy on appeal.

Our appellate courts have previously explained that an agency decision, including one by the Commission, is generally not a "final decision" unless it resolves the merits of the action. *See, e.g.*, *Bone*, 404 S.C. at 73–74, 744 S.E.2d at 556 (stating "[a]n agency decision which does not decide the merits of a contested case . . . is not a final agency decision subject to judicial review" (second alteration in original) (quoting *S.C. Baptist Hosp. v. S.C. Dep't of Health & Envt'l Control*, 291 S.C. 267, 270, 353 S.E.2d 277, 279 (1987))); *Price v. Peachtree Elec. Servs., Inc.*, 405 S.C. 455, 457, 748 S.E.2d 229, 230 (2013) ("An agency decision that does not decide the merits of a contested case is not a final agency decision subject to judicial review."); *Rose v. JJS Trucking, LLC*, 411 S.C. 366, 368, 768 S.E.2d 412, 413 (Ct. App. 2015) ("An order of the commission is not a final decision unless it resolves the entire action.").

A "final decision" as used in section 1-23-380, concerning review by the court of appeals, has been treated similarly to the term "final judgment" that appears in section 1-23-390 (entitled, "Supreme Court review") and governs review by this Court of a lower court's decision. *Cf.* S.C. Code Ann. § 1-23-390 (Supp. 2023) ("An aggrieved party may obtain a review of a final judgment of the circuit court or the

---

[4] Section 1-23-380 refers interchangeably to a "final decision" or "final agency decision."

court of appeals pursuant to this article by taking an appeal in the manner provided by the South Carolina Appellate Court Rules as in other civil cases."). While we recognize the similarity of sections 1-23-380 and 1-23-390 because they both govern judicial review, we note they concern two distinct stages in the review process, so they are not interchangeable. However, the essential requirement of finality remains constant.

This reading harmonizes the statutory language in section 1-23-380 with its plain meaning and with the purpose of the workers' compensation statutory scheme, which is to facilitate a streamlined review of the merits of a claim. In our view, the intent of the South Carolina General Assembly is to allow the Appellate Panel to administratively review a final "award" (grant or denial of a claim) by the single commissioner (under section 42-17-50), and then to permit, in turn, judicial review of the "final agency decision" of the Appellate Panel in a direct appeal to the court of appeals (under section 1-23-380). Routinely allowing multiple, intervening appeals prior to a final agency decision on a claim would only lengthen the laborious review process, which in Davis's case has already extended over eight years without a determination of the merits of the claim. *See CFRE, LLC*, 395 S.C. at 74, 716 S.E.2d at 881 (stating courts should give words in a statute their plain and literal meaning without resorting to a construction that expands or limits the statute's operation); *Brown*, 354 S.C. at 439, 581 S.E.2d at 838 (stating the intent of the legislature should be ascertained and given effect). This extraordinary delay in establishing whether compensation is due to a South Carolina worker could not have been intended by the General Assembly.

We hold the order of the Appellate Panel was not a final decision because it did not resolve the merits of Davis's claim.[5] However, the court of appeals had appellate jurisdiction to evaluate, in the first instance, whether there was a final decision from the Appellate Panel. Additionally, even if the agency decision is deemed interlocutory, an appellate court may consider whether immediate review is, nevertheless, appropriate because a later appeal following a final decision would not

---

[5] The Appellate Panel expressly stated the issue of whether Davis's Form 50 was withdrawn without prejudice—and implicitly, whether there was good cause for the withdrawal or whether it was done for the purpose of delay—was not properly before it at that time, so it did not issue a final ruling on this question or address the merits of Davis's claim. However, the Appellate Panel's discussion of the antiquated common law doctrine of retraxit is noteworthy and concerning.

provide an adequate remedy. *Cf., e.g.*, *Hilton v. Flakeboard Am. Ltd.*, 418 S.C. 245, 247, 791 S.E.2d 719, 720 (2016) (explaining "[w]e granted certiorari to review an order of the Court of Appeals dismissing [the claimant's] appeal of an admittedly interlocutory order of the South Carolina Workers' Compensation Commission's Appellate Panel" because we concluded that an appeal from a final decision would not provide an adequate remedy to the claimant).

"This Court has held that whether an intermediate action or ruling is immediately reviewable is to be decided on a case-by-case basis, i.e., whether a review of the final decision would not provide an adequate remedy." *Id.* at 249, 791 S.E.2d at 721. We have also held that an examination of the underlying merits of the ruling may be necessary to determine the adequacy of the remedy after a later appeal and whether immediate review should be afforded. *See id.* at 247, 791 S.E.2d at 720 ("Determining whether review of the final agency decision would give Hilton an adequate remedy requires us to reach the underlying merits of the Commission's order, and since we conclude that the order cannot stand, we vacate the Court of Appeals' order and remand the matter to the Commission.").

As previously noted, it has now been eight years since Davis's workers' compensation claim was filed in 2016. Although some delay may be expected, the protracted appeals that stemmed from SCDC's challenge of the single commissioner's interlocutory order in 2017 have resulted in a complete shut-down of the claims process. This defeats the ostensible purpose of the workers' compensation statutory scheme—to provide a streamlined process for considering employee injury claims and rendering timely compensation in exchange for employees giving up the right to sue their employers for damages in a court of law.

Due to the inordinate length of time that Davis's claim has been stalled and, as we shall examine in the next section, the fundamental flaw in the decision by the Appellate Panel, which contained errors as to the scope of its own, as well as the single commissioner's, jurisdiction, we find any additional delay before reviewing the Appellate Panel's decision would not provide Davis an adequate remedy, as these errors could continue to impact the Commission's view of the status of Davis's claim upon remand. As a result, we hold the court of appeals correctly exercised its appellate jurisdiction to consider this appeal of the Appellate Panel's decision. *See id.* at 247, 791 S.E.2d at 720 (finding it necessary to reach the ruling of the underlying order when review of the final agency decision would not provide an adequate remedy to the claimant); *see also Russell*, 426 S.C. at 290–91, 826 S.E.2d

at 867 (considering the Commission's remand on a change of condition claim for the third time, after two single commissioners had issued rulings, and "find[ing] the commission's unreasonable delay in making a final decision leaves Russell without an adequate remedy on appeal from a final decision under section 1-23-380" and holding "the appellate panel's remand order is immediately appealable").

## B.     Appellate Panel's Decision

We turn now to the specific issue addressed by the court of appeals—whether the Appellate Panel had jurisdiction to review the single commissioner's ruling regarding the Form 50.  We hold the court of appeals correctly found the single commissioner issued an interlocutory ruling, not an "award" subject to immediate review.  Consequently, the Appellate Panel did not have jurisdiction to vacate the single commissioner's ruling, so the Appellate Panel's order should be vacated and the single commissioner's ruling should be reinstated.

The propriety of the Appellate Panel's review of the single commissioner's order is controlled by section 42-17-50, which provides for the administrative review of a single commissioner's "award" of "compensation benefits" by the full Commission (or an Appellate Panel thereof).[6]  Section 42-17-50 states, in relevant part, as follows:

> **SECTION 42-17-50.     Review and rehearing by commission.**
>
> If an application ***for review*** is made ***to the commission*** within fourteen days from the date when notice ***of the award*** shall have been given, the commission ***shall review the award*** and, if good grounds be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives and, if proper, ***amend the award***.

---

[6] A three-member Appellate Panel may conduct the review of the single commissioner's order and has the same effect as review by the full Commission. S.C. Code Ann. § 42-3-20(C).

S.C. Code Ann. § 42-17-50 (2015) (emphasis added).

The term "award" is not explicitly defined in section 42-17-50, perhaps because it was deemed to be self-evident from the context of its extensive use throughout the statutory scheme. *See generally id.* § 42-9-5 ("Any *award* made pursuant to this title must be based upon specific and written detailed findings of fact substantiating *the award*." (emphasis added)); *id.* § 42-9-35(B) ("The commission may *award compensation benefits* to an employee who has a permanent physical impairment or preexisting condition and who incurs a subsequent disability from an injury arising out of and in the course of his employment for the resulting disability of the permanent physical impairment or preexisting condition and the subsequent injury." (emphasis added)).

Although "award" is not statutorily defined, the term "compensation" is statutorily defined to mean monetary benefits. *See id.* § 42-1-100 ("The term 'compensation' means the money allowance payable to an employee or to his dependents as provided for in this title and includes funeral benefits provided in this title.").

Section 42-17-40 provides a single commissioner may conduct a hearing and issue an "award," which must be supported by findings of fact and rulings of law. *Id.* § 42-17-40 ("Conduct of hearing; award."). As previously noted, the Appellate Panel may then review the award made by the single commissioner. *Id.* § 42-17-50 ("Review and rehearing by commission."). Either party may seek review of the Appellate Panel's decision in a direct appeal to the court of appeals, although the Appellate Panel's factual findings are generally conclusive. *Id.* § 42-17-60 ("Conclusiveness of award; appeals; payment of compensation during appeal; accrual of interest."). An award of the Commission may then be filed with the circuit court and enforced as a judgment. *Id.* § 42-17-70.

From the context of the statutes such as those recited above, it is apparent that an "award" is implicitly defined in workers' compensation matters to mean an award of monetary compensation or other benefits (such as medical treatment) that are available under South Carolina's workers' compensation laws for the injury or condition that is the subject of a claim.

The court of appeals focused on section 42-17-50's reference to the review of a single commissioner's "award" as establishing the eligibility for review and

acknowledged that the term has to date remained undefined in our statutory law: "While the statute's language indicates an appeal from a single commissioner to the appellate panel must be from an award, this court has noted that '[t]he Code does not define award.'" *Davis v. S.C. Dep't of Corr.*, Op. No. 2022-UP-081, 2022 WL 551972, at *2 (S.C. Ct. App. filed Feb. 23, 2022) (alteration in original) (quoting *Levi v. N. Anderson Cnty. EMS*, 409 S.C. 374, 380, 762 S.E.2d 44, 48 (Ct. App. 2014)).

The court of appeals did not attempt to define the term, but reasoned that the single commissioner's order in this case, which allowed Davis to withdraw her Form 50 without prejudice and returned the matter to the Commission's files, was analogous to an order granting a continuance or denying a motion to dismiss, which it stated generally was not immediately appealable. *Id.* In doing so, the court of appeals observed that it had "previously held a single commissioner's decision to deny a motion to dismiss was not immediately appealable." *See id.* (citing its decision in *Levi*, 409 S.C. at 385, 762 S.E.2d at 50). The court of appeals also cited other instances where these principles had been applied to find an order returning a matter to the Commission's files was an interlocutory decision, not an "award," so such decisions were not immediately reviewable:

> This court has applied ***these sorts of general principles*** in workers' compensation cases before. *See Walker v. Springs Indus., Inc.*, 298 S.C. 249, 379 S.E.2d 729 (Ct. App. 1989) (single commissioner's order allowing a claimant to withdraw her hearing request without dismissing her underlying claim and returning the claim to the commission's files was interlocutory because it constituted an indefinite continuance of the case)[7]; *Levi*, 409 S.C. at 385, 762 S.E.2d at 50 (single commissioner's

---

[7] SCDC correctly observes that *Walker*, cited above, focuses on the appellate court's jurisdiction to review an interlocutory order returning a claim to the Commission's files, instead of the Appellate Panel's jurisdiction. However, the court of appeals broadly cited *Walker* as an example of a case involving "these sorts of general principles," i.e., the treatment of interlocutory orders. The premise that an interlocutory order returning a case to the Commission's files is not normally subject to immediate review is equally valid when considering either administrative or judicial review.

order denying an employer's motion to dismiss not immediately appealable); *see also Martinez v. Spartanburg County*, 406 S.C. 532, 534, 753 S.E.2d 436, 437 (2014) (opinion of this court vacated and case remanded to the commission because the underlying order was not immediately appealable).

*Id.* (emphasis added).

SCDC argues, however, that agency regulations permit an Appellate Panel to review a "decision" by a single commissioner, so the Appellate Panel is not limited by section 42-17-50 to review of an "award." *See* S.C. Code Ann. Regs. 67-701(A) (2012) ("Either party or both may request Commission review of the Hearing Commissioner's *decision* by filing the original and three copies of a Form 30, Request for Commission Review, with the Commission's Judicial Department within fourteen days of the day the Commissioner's order is received." (emphasis added)). We disagree with SCDC's reasoning and find it has no merit.

This Court has held section 42-17-50 sets forth the jurisdiction of the Commission (or Appellate Panel) for review and that, although regulations have the force of law, an agency's regulations may not alter or add to a statute. *Goodman v. City of Columbia*, 318 S.C. 488, 490, 458 S.E.2d 531, 532 (1995). To the extent Regulation 67-701(A) may be read to expand the scope of review beyond that which has been legislatively delegated to the Commission, it conflicts with the terms of section 42-17-50. Accordingly, the terms of the statute, which requires an "award," must prevail. *See id.* at 490–91, 458 S.E.2d at 532 ("Reg. 67–701 adds the requirement of applying for [Commission] review with a particular form, thereby adding to the statute. Insofar as Reg. 67-701 increases the threshold requirements of § 42-17-50, the specifications set forth in the statute must prevail.").

Further, this specific argument—for an unlimited expansion of the Appellate Panel's jurisdiction to include review of a "decision" rather than an "award" by the single commissioner—has already been rejected by our courts. In *Levi*, the court of appeals expressly held Regulation 67-701(A) cannot broaden section 42-17-50 to allow the review of just "any decision." *See Levi*, 409 S.C. at 384, 762 S.E.2d at 50 ("Although the applicable regulation [67-701(A)] uses the term decision instead of award, a regulation cannot add to the statute. Therefore, an appeal must be from an award, not simply any decision."), *cert. denied* (S.C. 2015). Thus, the argument that

a "decision" from a single commissioner meets the statutory threshold for the Appellate Panel to commence its review under section 42-17-50 is contrary to not only the terms of the statute, but also existing precedent.[8]

SCDC's decision to challenge the single commissioner's interlocutory ruling for over eight years is an example of the excessive litigation that has ensnared workers' compensation cases despite the General Assembly's statutory framework calling for the review of (1) a single commissioner's award (or denial of a claim), (2) the Appellate Panel's final agency decision regarding any such award or denial, and (3) judicial review by the court of appeals of the final agency decision rendered on the merits of the claim. Davis's claim has been trapped in what should be the last stage in the process, judicial review, despite the fact that it never advanced beyond the filing of a claim and discovery.

Based on the foregoing, we agree with the court of appeals that the single commissioner's order, which ultimately returned Davis's claim to the Commission's files, was an interlocutory order, not an "award" as contemplated in section 42-17-50, so it was not subject to immediate review by the Appellate Panel. Accordingly, we hold the court of appeals did not err in vacating the order of the Appellate Panel and remanding the matter to the Commission.[9] *See generally Allison v. W.L. Gore & Assocs.*, 394 S.C. 185, 189, 714 S.E.2d 547, 550 (2011) ("Since the Full Commission lacked jurisdiction to hear respondent's appeal, the decision of that Commission as well as the master's order are [VACATED.]"). As a result, the order of the single commissioner is reinstated.

Although the Appellate Panel's order is vacated, so its findings are no longer efficacious, we find it necessary to also briefly address the Appellate Panel's finding

---

[8] Although the court of appeals did not cite Regulation 67-701(A), we dismiss as dicta its suggestion that there might be exceptions to section 42-17-50 for some unspecified interlocutory issues on the basis it is contrary to the General Assembly's requirements in section 42-17-50. *See, e.g.*, *Davis*, 2022 WL 551972, at *2 (opining "[t]he appellate panel commonly reviews intermediate orders that decide important issues in a contested workers' compensation case," but stating the order in Davis's case "is not one of those orders").

[9] SCDC also argues the court of appeals erred in remanding the case to the Commission. We reject this argument as specious.

that the single commissioner lacked jurisdiction to rule on the issue of prejudice. Jurisdiction is a fundamental issue that could impact the proceedings on remand, so we address this point in order to complete our clarification of the review process and to prevent the misapprehension of the status of Davis's claim on remand. *See Hilton*, 418 S.C. at 247, 791 S.E.2d at 720 (finding it necessary to reach the underlying merits of the Appellate Panel's "admittedly interlocutory order" and concluding the nature of the error was such "that the order cannot stand").

In this case, the Appellate Panel concluded that, "[a]fter the second Form 50 was withdrawn and the Form 21 hearing was cancelled, the [single commissioner] was divested of jurisdiction and authority to entertain or adjudicate further arguments regarding this claim." This mischaracterizes the single commissioner's jurisdiction. The parties held an informal, unrecorded, prehearing conference to discuss several aspects of the claim, including Davis's Form 50 and SCDC's Form 21. Proposed orders were prepared by both sides as a dispute arose over whether Davis's Form 50 should be designated as withdrawn without prejudice. After further discussion in a series of emails, the single commissioner sided with Davis and confirmed that it was his intent to approve the withdrawal of the Form 50 without prejudice—a matter that he correctly recognized to be within his discretion—and he memorialized his rulings as to the Form 50 and the Form 21 in a written order. Contrary to SCDC's arguments, the single commissioner was not instantaneously "divested" of jurisdiction during the informal conference, and he acted within his authority in issuing an order formalizing the results of the conference for the record.

As part of its jurisdictional argument, SCDC also asserts Davis failed to timely raise the issue of prejudice to the single commissioner because it was not discussed at the prehearing conference, so the single commissioner did not have "jurisdiction" to address this unpreserved issue. We disagree. This case does not arise from a hearing on the record with the attendant formalities. Rather, there was an off-the-record discussion of the case status, and those informal discussions continued during the submission of proposed orders, until the single commissioner issued his written order. SCDC did, in fact, vigorously argue the withdrawal of the Form 50 was for the improper purpose of delay and should result in a dismissal with prejudice, but the single commissioner chose not to impose the harsher outcome of a dismissal, which was within his discretion.

SCDC did have an opportunity to make its objection known, and it could have contemporaneously argued at the prehearing conference that any withdrawal of the Form 50 should be deemed with prejudice.  At the hearing before the Appellate Panel, SCDC specifically conceded that it did not contemporaneously assert to the single commissioner at the prehearing conference that Davis's second withdrawal of a Form 50 was not being made for "good cause" because it was for purposes of delay and that it should, therefore, be treated by the single commissioner as a voluntary dismissal of the claim.  SCDC stated it did not make this argument because it believed a voluntary dismissal "is the default position under the Regulations" (i.e., S.C. Ann. Regs. 67-609(C) (2012))[10] and it was "perfectly happy" with Davis's action if she "wanted to take it."  However, a dismissal normally operates without prejudice in the absence of an affirmative finding to this effect in the discretion of the single commissioner, and SCDC, not Davis, is the party advancing the argument as to prejudice.  Therefore, it is reasonable that SCDC should have borne the burden of affirmatively seeking the withdrawal of the hearing request to be designated as a dismissal of the claim with prejudice.[11]  In any event, SCDC did make its objection known prior to issuance of the order, and the single commissioner properly exercised his jurisdiction to rule on the issue of prejudice, so we find no error in this regard.

## IV.  CONCLUSION

---

[10]  We note dismissal is not the default position under the Regulation 67-609(C).  It is a matter left to the sound discretion of the single commissioner.

[11]  Although SCDC refers, by analogy, to Fed. R. Civ. P. 41 and Rule 41(a)(1), SCRCP regarding the prejudicial effect of multiple dismissals in another context, those rules do not contain the proviso contained in Regulation 67-609(C), which makes a dismissal with prejudice a matter within the single commissioner's discretion and warranted only when the single commissioner specifically finds the second withdrawal of a Form 50 was made merely for the purpose of delay.  A plain reading of Regulation 67-609(C) reveals that good cause is not necessary in every instance to avoid dismissal of a claim upon a second withdrawal of the Form 50.  Regulation 67-609(C) uses the permissive term "may."  SCDC's misapprehension of the default position under Regulation 67-609(C) does not constitute error by the single commissioner.  *Cf. Erickson v. Jones St. Publishers, LLC*, 368 S.C. 444, 476, 629 S.E.2d 653, 670 (2006) (stating "a party may not complain on appeal of error or object to a trial procedure which his own conduct has induced").

We conclude the court of appeals did not err in exercising its appellate jurisdiction to consider this appeal and in holding the Appellate Panel lacked jurisdiction to consider SCDC's challenge to the single commissioner's interlocutory ruling. The single commissioner's ruling was not an "award" as required by section 42-17-50, and the requirements of a statute prevail when they conflict with an agency's regulations. Consequently, we affirm the determination of the court of appeals, which vacated the decision of the Appellate Panel and remanded the matter to the Commission. The ruling of the single commissioner is hereby reinstated. We further conclude, as a point of clarification, that the Appellate Panel erred in determining the single commissioner did not have jurisdiction to rule on the question of prejudice.

Because Davis's claim has remained pending with the Commission, Davis will need to file a new Form 50 to request a hearing on her claim. Once that is filed, we urge the Commission and the parties to work together to expeditiously pursue a resolution of the merits of this claim.

**AFFIRMED AS MODIFIED.**

**KITTREDGE, J., Acting Justices Stephanie P. McDonald and James Edward Lockemy, concur. FEW, J., concurring in a separate opinion.**

**JUSTICE FEW:** I concur in the result reached by the majority—to reinstate the single commissioner's order. I write separately to address three points. First, I agree with the majority the appellate panel's order was immediately appealable to the court of appeals under the "adequate remedy" language of section 1-23-380 of the South Carolina Code (Supp. 2023). *See Russell v. Wal-Mart Stores, Inc.*, 426 S.C. 281, 290-91, 826 S.E.2d 863, 867 (2019) (holding an intermediate order of the workers' compensation commission was immediately appealable under section 1-23-380 because "the commission's unreasonable delay" left the claimant without an adequate remedy on appeal from a final decision).

Second, I agree the single commissioner retained the authority to enter the order on appeal even after the claimant withdrew the Form 50. However, I want to make clear the question is not one of jurisdiction. Rather, it is a question of power and authority. *See Rish v. Rish*, Op. No. 28223 (S.C. Sup. Ct. filed July 31, 2024) (Howard Adv. Sh. No. 29 at 114) ("This Court has recently corrected our prior cases that imprecisely and inaccurately referred to different procedural and substantive rules as limitations on a court's 'subject matter jurisdiction.'").

Third, I would hold the single commissioner's order was immediately appealable to the appellate panel. On that point I disagree with the majority. Even if the majority were correct that section 42-17-50 somehow restricts the appellate panel's authority, the majority reads the term "award" too narrowly. That term is not defined in the Workers' Compensation Act, and there is nothing in the Act to suggest it means only what the majority suggests. Regardless of the interpretation of the term, however, the effect of section 42-17-50 is only to impose a fourteen-day deadline for the appeal of a single commissioner's order, not to restrict the authority of appellate panel to hear appeals. Whether an appellate panel has the authority to hear interlocutory appeals is simply not addressed in the Act.

It is not up to the judicial branch to impose on the commission a requirement that is not specifically stated in its enabling legislation. "Section 42-3-180 of the South Carolina Code confers a general grant of authority on the Commission to address all issues arising under the Workers' Compensation Act that are not otherwise provided for under South Carolina law." *James v. Anne's Inc.*, 390 S.C. 188, 200-01, 701 S.E.2d 730, 736 (2010) (citing S.C. Code Ann. § 42-3-180 (1985)). "All questions arising under this title . . . shall be determined by the commission, except as otherwise provided in this title." S.C. Code Ann. § 42-3-180 (2015). As the court of appeals stated, "The appellate panel commonly reviews intermediate orders that decide important issues in a contested workers' compensation case." *Davis v. S.C.*

*Dep't of Corr.*, Op. No. 2022-UP-081, at *2 (S.C. Ct. App. filed Feb. 23, 2022). If the commission believes it is necessary to hear interlocutory appeals on certain issues to effectuate the purpose of the Act, it is not this Court's role to prevent it from doing so unless there is a specific statutory restriction of that authority. *See James*, 390 S.C. at 201, 701 S.E.2d at 737 (stating the "workers' compensation commission . . . is, in the first instance, responsible for effectuating the purposes of the workers' compensation act by administering, enforcing, and construing its provisions in order to secure its humane objectives." (quoting 100 C.J.S. *Workers' Compensation* § 706 (2000))). Thus, I would hold the single commissioner's order was immediately appealable to the appellate panel.